# SUPREME COURT.

JOHN DUNDERDALE and EMILY, his wife agt. SUSETTE GRYMES.

Where two actions were brought by husband and wife, one on contract upon an agreement with the wife to pay for board in a boarding-house kept by her, and claiming that the amount due the wife was her separate property; the other an action of trespass, alleging that the defendant "broke and entered a certain

close, in the possession of and occupied by the said " wife; and also "broke and entered the dwelling-house occupied by the said " wife, "and forced open the doors, whereby the said 'wife' was hindered and prevented," &c;

*Held*, that there could be no doubt upon the facts stated in the complaint in the first case, but that the husband was the owner of the demand and entitled to the recovery. And in the other case, there being no allegation that the lands belonged to the wife, still less her separate estate, the injury in view of the law was to the husband's rights, and the damages to be recovered belonged to him. The next question was, whether husband and wife could sue together to recover debts due him, or damages incurred by or inflicted on him? *Held*, a misjoinder and the objection may be taken by *demurrer*, because the relation existing between husband and wife, is not the same as that which exists between two ordinary co-plaintiffs; they are incapable of several judgments at the trial.

*Richmond Special Term, May,* 1858.    *Two Cases.*
DEMURRER to complaint.

The first of these cases was on contract, and the other was a trespass suit. The defendants demurred to the complaint in each case, on the ground of misjoinder of plaintiffs, and that the complaint did not show a cause of action, and in the trespass case, the additional ground that several causes of action were improperly united. The demurrers were argued together.

The complaint in the contract case is as follows:

" The complaint of the plaintiffs shows to this court, that the plaintiff John Dunderdale is the husband of the said Emily Dunderdale; that the said Emily Dunderdale was the keeper of a boarding-house in the town of Castleton, in the county of Richmond, in the year 1856; that on or about the first day of May, in said year, the defendant hired and took board and rooms with the said Emily Dunderdale, for herself and servants, and used and occupied the stable belonging to said Emily Dunderdale, and continued to receive such board and to use and occupy said rooms and stable, from said first day of May, until on or about the 17th day of November, 1856, for which she then and there agreed to pay said Emily Dunderdale, what such board, and the use and occupation of such rooms and stable were reasonably worth; that the same were reasonably worth the sum of $865.50, for the period aforesaid; and al-

though requested so to do, the defendant has not paid the same or any part thereof, except the sum of $18 ; that the amount so due the said Emily Dunderdale is her separate property. Wherefore, the plaintiffs demand judgment against the defendant for the balance of $847.50, with interest from November 17th, 1856."

In the trespass case, the complaint contained two counts:

In the first count, after alleging the relationship of husband and wife, between the plaintiffs, the complaint stated that the defendant " broke and entered a certain close, *in the possession of and occupied by* the said Emily Dunderdale, lying," &c., " and then and there dug down a certain stone wall," and also " broke and entered the dwelling-house *occupied by the said Emily Dunderdale*, and forced open the doors, whereby the said *Emily Dunderdale* was hindered and prevented from having the use and enjoyment of the said close and dwelling-house, and her furniture and household articles were greatly damaged, &c."

The allegations of the second count were the same as the first, except that the trespass alleged was, that the defendant " ejected, expelled, put out and amoved the said *Emily Dunderdale* and *her* family from the possession of the said close and dwelling-house."

LOTT C. CLARK, *for plaintiffs.*
WM. I. STREET, *for defendants.*

EMOTT, Justice.    It is not necessary in these cases to determine whether as the Code stood before the revision of 1857, it was ever allowable to join the husband as a co-plaintiff with the wife in an action relating to her separate property, or whether the objection to such misjoinder could be taken by demurrer.    There is great force in the views expressed by Judge HARRIS, on both these points, in *Bronson* agt. *Gifford*, (8 *How. P. R.* 395.)    But these cases are both suits upon demands or causes of action which belong to the husband.    In one case, the suit is brought upon an agreement with the wife to pay for board in a boarding-house kept by her.    Notwith-

standing the allegation that this claim is her separate property,
I suppose there can be no doubt upon the facts stated in the
complaint, that the husband is the owner of the demand, and
entitled to the recovery. The other suit is for a trespass com-
mitted by intruding into lands of which the wife was in occu-
pation, and by ejecting her. There is no allegation that these
lands were hers, still less, that they were her separate estate.
The injury in the view of the law, was to the husband's rights,
and the damages to be recovered belong to him.

The question then is, whether husband and wife can sue to-
gether to recover debts due him or damages incurred by or in-
flicted on him ? There can be but one answer to this ques-
tion, and I cannot doubt that this answer can be given on a
demurrer. There are cases which hold that where one of sev-
eral plaintiffs appears to have no interest in a cause of action
upon which the others may properly maintain the suit without
him, the Code does not permit a demurrer for the misjoinder.
But husband and wife cannot be regarded or treated as two
several plaintiffs. When a suit is brought by them together,
the relation between them is not the same as that which exists
between two ordinary co-plaintiffs. The best, if not the only
sufficient reason for the decisions I have just referred to, is that
to sustain such demurrers would nullify the provisions of the
Code, authorizing the court at the trial to give such judgment
among various parties, for some and against others, as substan-
tial justice requires. This is a beneficial provision, enabling
us to dispose of such difficulties more satisfactorily in the end,
than if we drove that portion of the plaintiffs who were right-
fully before us out of court, because they were accompanied by
others who did not belong there. When the cause is tried, we
can render a judgment in favor of the former, and another
against the latter. And thus, while no injustice is done, nor
any delay of justice occasioned, no legal principle is violated.
But such a remedy cannot be applied in cases where husband
and wife are the plaintiffs. It is not easy to see how a judg-
ment could be given in favor of the husband and against the
wife, in such cases as the present. At all events such a judg-

ment would be of no avail to indemnify a defendant for the costs of a suit improperly brought, and, therefore, justly defended. These suits must either be sustained altogether, or amended as to their entire frame, or dismissed altogether. And if the objections presented by the demurrers must at the trial be fatal to the suits, because from their nature they are incapable of several judgments, it is no hardship to the plaintiffs to sustain a demurrer.

There must be judgment for the defendant in both cases, with leave to amend on the usual terms.