## HILL ET AL. *v.* MARSH ET AL.

PARTNERSHIP.—*Parties.*—Where a demand exists in favor of a partnership, and one of the partners refuses to join in an action for its enforcement, he may be made a defendant with the partnership debtor, in a suit brought by his co-partner.

SAME.—*Measure of Relief.*—*Judgment.*—In such case, where the defendant-partner filed an answer alleging that he had no knowledge of a claim by the partnership against his co-defendant, but averring that if it existed he was entitled to one-half thereof, and praying that judgment for his half might not be rendered in plaintiff's favor, it was error to render judgment in his favor against his co-defendant for one-half the sum found due to the partnership. To entitle himself to such judgment, he must have filed a cross complaint asking affirmative relief. The answer made no issue between him and the other defendant.

APPEAL.—*Evidence.*—Where the evidence is conflicting, the Supreme Court will not reverse a judgment on the weight of evidence.

PLEADING.—*Defect of Parties.*—A demurrer for defect of parties defendants lies only where a necessary party is not made a defendant, not because there are too many defendants.

From the Floyd Circuit Court.

*G. V. Howk* and *W. W. Tuley*, for appellants.

*D. C. Anthony*, for appellees.

BUSKIRK, J.—In the court below, the appellee Samuel S. Marsh was the plaintiff, and the appellants and the appellee Jeremiah W. Malinee were the defendants.

The complaint alleged, in substance, that on the 14th of February, 1865, said Marsh and Malinee owned two-thirds of all the machinery, real estate, personal property, rights, credits, and interests belonging to the concern then owned by them and Hicks King, doing business under the firm name of S. S. Marsh & Co., known as the "Hoosier Rolling Mill;" that on said day Marsh and Malinee agreed with appellants to sell them one-third of their two-thirds in said rolling mill property for ten thousand dollars and ten per cent. advancement on seven thousand six hundred and sixty-one dollars and forty-six cents, the estimated value of the one-third of the two-thirds interest so held by said Marsh and Malinee, the said ten per cent. advance amounting to

Hill *et al. v.* Marsh *et al.*

the sum of seven hundred and sixty-six dollars, which sum of ten thousand dollars and advance of seven hundred and sixty-six dollars the appellants agreed to pay; that said Marsh and Malinee, at the time of the sale, transferred to appellants one-third of their interest in said property, and put them in possession, and fully performed their said agreement; but that appellants failed to perform their said agreement, in this, that they failed and refused to pay said Marsh and Malinee said sum of seven hundred and sixty-six dollars, and still refuse to pay the same; that the said Malinee utterly refused to permit said Marsh to join him as a co-plaintiff in this action; and said Marsh asked that said Malinee be made a defendant to answer to his interests, and for judgment for seven hundred and sixty-six dollars, and all other proper relief.

The appellants filed their demurrer to the complaint, assigning two grounds of objection:

1. That said Malinee was a necessary plaintiff to the action.

2. That said Malinee was not a necessary or proper defendant to the action.

The demurrer was overruled, and appellants excepted.

This ruling is assigned for error, and presents the first question arising in the record for our decision.

Upon the first cause of demurrer, appellants' counsel concede that, under the averments of the complaint, the objection is not well taken. Because if the said Malinee was a necessary party plaintiff in this action, and if, as alleged in said complaint, said Malinee utterly refused to be made a plaintiff in this action, then, under the nineteenth section of the code, 2 G. & H. 47, Marsh had the right to make him a defendant.

But it is insisted by counsel for appellants, that if the said Marsh and Malinee were not so united in interest as to make Malinee a necessary party plaintiff, then he was not a necessary or proper party defendant, and the demurrer should have been sustained upon the second ground.

The demurrer was on the part of the appellants, assigning for cause that their co-defendant was not a necessary or proper party defendant. This did not constitute a ground of demurrer. It is settled by repeated decisions of this court, that a defect of parties, as a cause of demurrer under the code, means too few, and not too many parties. *Bennett* v. *Preston*, 17 Ind. 291; *Berkshire* v. *Shultz*, 25 Ind. 523.

There was no error in overruling the demurrer to the complaint.

The appellants then answered in denial.

The appellee Malinee also filed a separate answer to said complaint, alleging, in substance, that on February 14th, 1868, he was an equal partner of the said Marsh in the interest then held by him in his own name in said Hoosier Rolling Mill described in the complaint; that he and said Marsh agreed to sell to said appellants one-third of their interest in said property for ten thousand dollars; that said Marsh made said sale for himself and said Malinee; that said Marsh told him, Malinee, that he had made said sale to appellants for ten thousand dollars, but did not then or afterward tell said Malinee that appellants were to pay ten per cent. advance on said purchase-money, or any part thereof; but on the contrary, said Marsh concealed from said Malinee any agreement by appellants to pay any advance on said purchase-money, or any part thereof, or anything more than said ten thousand dollars; that said Malinee never heard of any such agreement until after the commencement of this action. And the said Malinee averred that if said agreement was made by said appellants to pay said ten per cent. advance, as alleged by Marsh in his complaint, of which said Malinee has no knowledge, the one equal half of such advance belonged to him; and he prayed the court to so determine, and not to render judgment in favor of said Marsh for any money due said Malinee, and for all other proper relief.

Marsh filed a reply in denial of the answer of Malinee.

There was a trial by the court, and a finding in favor of Marsh against appellants for three hundred and eighty-three

dollars and seven cents, and in favor of said Malinee against appellants for three hundred and eighty-three dollars and seven cents.

The appellants moved the court for a new trial, for the reasons that the finding was contrary to law and not supported by sufficient evidence. The motion was overruled, and appellants again excepted; and this ruling is assigned for error.

We are asked by counsel for appellants to reverse the judgment, because the finding is not supported by sufficient evidence. This we cannot do. Marsh and his book-keeper, Lake, swore positively that appellants agreed to pay ten per cent. advance on the purchase-money. Hill testified just as positively that no such contract was made. No other person was present at the time of the purchase but the three persons named. Payne and Malinee testified that they knew nothing of such agreement, and had never heard of it until after the commencement of this action. There was some evidence offered tending to contradict Malinee on this point. There were, however, other facts and circumstances detailed in the evidence, which tended very strongly to corroborate and sustain the evidence of Hill; but this was for the court to weigh and consider. There was a direct conflict upon the most material point. In such case we cannot disturb the finding. *The Madison, etc., R. R. Co.* v. *Taffe*, 37 Ind. 361. It is also contended by counsel for appellant, that the finding and judgment in favor of Malinee cannot be sustained, because there was no issue between him and appellants. This objection is well taken. Malinee filed an answer to the complaint, but he did not even ask for a judgment in that. He only asked that the court would not render a judgment in favor of Marsh for any money that might be found due him. If he desired a judgment against appellants, he should have filed a cross complaint, and asked for affirmative relief. This he did not do. There was no issue upon which there could have been a finding and judgment in his favor. He simply asked the court to protect his rights as

against Marsh, and this was done when the court only found for Marsh in only one-half the sum due.

The judgment in favor of Marsh is affirmed, with costs; and the judgment in favor of Malinee is reversed, with costs; and as to him the cause is remanded for further proceedings, in accordance with this opinion.