[No. 13527.  Department One. — November 27, 1891.]

BENJAMIN F. LYFORD, Appellant, v. THE NORTH
PACIFIC COAST RAILROAD COMPANY, Respond-
ENT.

Covenant to Operate Railroad — Husband and Wife — Separate Prop-
ERTY OF Wife — Action by Husband — Parties — Assignment of
Contract — Ownership of Land — Damage to Property. — Where a
railroad company entered into a contract with a husband and wife, by the
terms of which they were to convey a right of way to the railroad com-
pany along a designated line over separate property belonging to the
wife, and the railroad company agreed to construct the road within two
years, to maintain a depot and cattle-guards, to continue to operate the
railway, and to carry them and all members of their family during the
lifetime of either of them free of charge, the husband cannot sue alone
to recover damages from the railroad company for its breach of the cove-
nant to continue to operate the railroad, unless he shows an express as-
signment to himself of his wife's interest in the contract, notwithstanding
he may have become the sole owner of the property, and alleges that the
property was greatly damaged by the abandonment of the road along
the right of way granted.

Id. — Personal Covenant. — The agreement of the railroad company to
continue to operate its road over the land of the wife is a personal cove-
nant, and not one for the direct benefit of the estate granted, which
would run with the land, under section 1462 of the Civil Code.

Appeal from a judgment of the Superior Court of
Marin County.

The action was brought to recover damages for alleged
breach of contract by the North Pacific Coast Railroad
Company to continue to operate its road over the land
of plaintiff.  Further facts are stated in the opinion.

E. S. Lippitt, T. J. Crowley, and Sawyer & Burnett, for
Appellant.

The conveyance of the wife, through Reed to Lyford,
vested in Lyford the rights and equities of the contract.
The incident follows the principal. (Civ. Code, secs.
1084, 3540; Van Wicklen v. Paulson, 14 Barb. 654; Mc-
Shane v. Carter, 80 Cal. 313, 314.)  All easements and
servitudes passed with the conveyance. (Pitkin v. L. I.
R. R. Co., 2 Barb. Ch. 221; 47 Am. Dec. 320; Day v.
Cent. R. R. Co., 31 Barb. 548.)

*W. H. L. Barnes,* and *Hepburn Wilkins,* for Respondent.

The non-joinder of Hilarita Lyford as plaintiff is fatal, as the contract was between Benjamin F. Lyford and his wife, Hilarita, on one side, and the defendant on the other, and Benjamin F. Lyford sues alone. (*McGilvery* v. *Moorhead,* 3 Cal. 267; *Mayo* v. *Stansbury,* 3 Cal. 465; *Farni* v. *Tesson,* 1 Black, 309.) The contract did not pass by the conveyance of the land, as the only covenants which run with the land are those specified in the code. (Civ. Code, sec. 1461.) Only those covenants which are contained in grants of land run with it. (Civ. Code, secs. 1460, 1462, 1464; *Fresno Canal and Irrigation Co.* v. *Rowell,* 80 Cal. 114; 13 Am. St. Rep. 112; *Fresno Canal Co.* v. *Dunbar,* 80 Cal. 530.) Where a party covenanted with two grantees jointly against encumbrances, and one grantee conveyed to the other, the cause of action was joint, and did not run with the land, and the grantee to whom the conveyance was made by his cograntee could not sue alone. (*Lawrence* v. *Montgomery,* 37 Cal. 188.) Damages do not run with the land or pass by deed. (*McFadden* v. *Johnston,* 72 Pa. St. 335; 13 Am. Rep. 681.)

TEMPLE, C. — In January, 1873, Mrs. Lyford, wife of the plaintiff, owned, as her separate property, a tract of land in Marin County, known as Strawberry Point. At that time, plaintiff and his wife contracted with the defendant to convey to it a right of way for its railway along a designated line, in consideration of one dollar and the mutual covenants contained in said contract.

Several covenants were contained in the contract, to be performed by defendant.

It would build its road within two years, and thereafter maintain and run regular daily passenger and freight trains to and from San Francisco to San Rafael; maintain a depot at a point designated; erect and maintain five passage-ways for cattle, four under the track and one by a bridge over it; and carry at all times upon its

regular passenger trains and ferries, to and from San Francisco, said Lyford, his wife and children, free from charge, during the lifetime of said Lyford and wife, or either of them.

The railroad was built, and run as agreed until February 19, 1884, when the defendant ceased to use the right of way, took up the rails, and removed its road some distance from plaintiff's land; and since has declined to carry plaintiff or his family free of charge, and has finally and wholly abandoned the road along the right of way over plaintiff's land.

Plaintiff claims that his land was suitable for suburban residence, and by the road was made accessible to San Francisco, and therefore valuable, but by the discontinuance of the road was rendered inaccessible and was greatly damaged; and he avers that the sole consideration for the grant of the right of way was the personal advantage to himself and wife, and that the road would enhance the value of the land.

In the answer, the point is specially made that Mrs. Lyford was a necessary party, and should have been joined as plaintiff.

On the trial, plaintiff did not show an express assignment to himself from Mrs. Lyford of her interest in the contract, but he proved that on July 31, 1879, she conveyed the land to John J. Reed, who conveyed the same to plaintiff August 6, 1879. In each of these deeds was inserted this provision: "Together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging, or in any wise appertaining, rents, issues, and profits thereof, and also all the estate, right, title, interest, property, possession, claim, and demand whatsoever, as well in law as in equity, of the said Hilarita Reed de Lyford."

It is obvious that the agreement to continue to operate the railway is not a covenant which, under the code, would run with the land. It is not a covenant for the direct benefit of the property, i. e., the estate granted, as required by section 1462 of the Civil Code.

The best that could be said would be that, like the agreement to maintain the cattle-ways, it was a condition in the grant of the easement. But the theory of plaintiff's case is, that the easement has been abandoned.

We think the covenant to continue to operate the road was a personal covenant, and plaintiff, not being the assignee of Mrs. Lyford, cannot maintain this action alone.

We therefore think the judgment should be affirmed.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.