The Union Pacific Railway Company and S. H. H. Clark *et al.*, *Receivers*, v. Fred Smith.

No. 10432.

1. Railway Receivers—*petition against, and Company, for injury from negligence, not demurrable for defect of parties nor for inconsistency in charging receivers and company with same negligence.* A petition alleging a cause of action against a railway company and certain persons named as receivers of its property, is not demurrable on the ground that it shows a defect of parties, nor on the ground that it fails to state a cause of action against either one because the other is charged also with the same liability.

2. ——— *but if receivers in exclusive control, recovery can be only against them.* A plaintiff having a just cause of action for injuries caused by the management of a locomotive engine, may prosecute his action against both the railway company and receivers appointed to take charge of its property, and may in one action establish his demand against whichever is legally liable. But where the receivers are in entire and exclusive control of the property of a railway company, they alone are responsible for injuries occasioned by the negligent management of the property, and a joint judgment against both the receivers and the railway company for an injury so caused is erroneous so far as it imposes liability on the railway company.

3. ——— *and in such case, verdict for plaintiff not naming either defendant, construed a verdict against the receivers alone.* In such a case where a verdict is rendered in favor of the plaintiff, without naming either of the defendants, it will be construed as a verdict against the receivers alone, and a judgment entered on such verdict against both the receivers and the railway company will be modified by vacating the judgment against the railway company.

Error from Leavenworth District Court. Louis A. Myers, Judge. Opinion filed February 5, 1898. *Modified.*

*A. L. Williams*, *N. H. Loomis* and *R. W. Blair*, for plaintiff in error.

*Jno. T. O'Keefe* and *W. A. Porter*, for defendant in error.

ALLEN, J.   Fred Smith brought suit in the District Court of Leavenworth County against the Union Pacific Railway Company and S. H. H. Clark and others as receivers of the Union Pacific Railway Company, to recover damages for personal injuries alleged to have been caused by the negligence of the servants of the defendants.   The petition alleges that the Railway Company owned and operated at the time of the injury a line of railroad extending from Third Street, in the City of Leavenworth, along Choctaw Street to Broadway, and thence to Topeka ; that in an action pending in the Circuit Court of the United States, the defendants, Clark, Mink, Anderson, Doane and Coudert, were appointed receivers of the Union Pacific Railway Company, and of all its branches, leased lines, tracks, locomotives and cars, and authorized to manage and operate the same ; that before and ever since the sixth of January 1894 the Railway Company and the Receivers used and operated their engines and cars over the line of road on Choctaw Street, and across Fourth Street, in the City of Leavenworth ; that on the sixth of January 1894 plaintiff was driving his horse hitched to a cart along Fourth Street toward the crossing of the railroad on Choctaw Street ; that as he approached Choctaw Street, Union Pacific engine No. 1204, with cars attached thereto, in charge of the defendant's engineer and servants, was backed across Fourth Street ; that when the plaintiff was within about thirty feet of the track, he stopped his horse to wait until the train should pass ; that while so waiting, the defendant's servants in charge of the engine carelessly and unnecessarily reversed the engine and suddenly opened the steam-cocks on the cylinder of the engine, thereby emitting a cloud of steam in the face

6—59 KAN.

of the plaintiff's horse, and causing startling, hissing noises, which so frightened plaintiff's horse that it became unmanageable, ran away, upset his cart, and threw him with great violence against the edge of the sidewalk, breaking his right clavicle and otherwise injuring him.

The petition alleges that the horse was gentle, and accustomed to the usual and ordinary operation of trains, from which he did not take fright. Other matters are alleged which it is unnecessary to state. To this petition the Railway Company and the Receivers filed separate demurrers, on the ground that there was a defect of parties defendant and that the petition did not state facts sufficient to constitute a cause of action. Both demurrers were overruled. The defendants then answered separately, denying specially that on the sixth of January, 1894, they were operating, or had any authority to operate, the railroad of the Leavenworth, Topeka & South Western Railway Company, or any portion thereof; and alleging that whatever injury the plaintiff received was caused by his own fault and negligence. The plaintiff replied, denying the averments of the answer. When the case was called for trial, the defendants severally moved that the plaintiff be required to elect against which of the defendants he would proceed to trial and ask for judgment. This motion was overruled. The case was tried to a jury, and resulted in a verdict and judgment in favor of the plaintiff for five thousand dollars damages. The Railway Company and the Receivers now seek a reversal of the judgment.

The main contention of counsel for plaintiff in error is, that the claims of the plaintiff, as set forth in the petition and urged at the trial, are inconsistent; that it cannot be that the Railway Company, and the Re-

ceivers appointed by the court to take charge of and operate its property, were both in control of the property at the same time. It is also contended that, as a matter of fact, neither the Union Pacific Railway Company, nor the Receivers, operated the Leavenworth, Topeka & South Western Railway, or the engine which caused the injury to the plaintiff.

The petition was not demurrable on the ground of a defect of parties defendant. A defect of parties, within the meaning of the statute, is a

1. Petition not demurrable, when.

lack of parties, not an excess. *McKee v. Eaton*, 26 Kan. 226; *Hurd v. Simpson*, 47 id. 372, 27 Pac. 961. The petition certainly stated facts sufficient to constitute a cause of action against the Receivers. We are not prepared to say that it is palpably impossible that there should be a legal liability resting on the Railway Company and its Receivers for the same act.

There was no error in refusing to require the plaintiff to elect against which defendant he would proceed. He had a right to prosecute his action against both, and recover judgment against whichever the proof might show was liable. The facts disclosed at the

2. Recovery only against receivers.

trial, however, clearly show, without dispute, that all the property of the Railway Company, with which we have any concern in this case, was under the management and control of the Receivers, and they, as such receivers, were alone responsible for the acts of the servants in charge of the engine. The order appointing the Receivers appears to have been made by Judge Dundy at Omaha on the thirteenth of October, 1893. The appointment was made in an action brought by Oliver Ames and others against the Union Pacific Railway Company and a large number of other corporations, among which the name of the Leavenworth, Topeka & South

Western Railway Company does not appear. The Receivers were directed to take charge of all the property of the Union Pacific Railway Company, and also all the system of railways then in the possession of, owned, operated, leased or controlled by, for, or in the interest of, the said corporations in the states of Nebraska, Kansas, and other states and territories named. The distinction sought to be made at the trial, and in this court, between the Union Pacific Railway and the Union Pacific System may be sound, as affecting the liability of the Railway Company, but it is perfectly clear that the Receivers were, in fact, the receivers of the Union Pacific System.

The engineer and fireman in charge of Union Pacific engine No. 1204 at the time the plaintiff received his injury testified that they were employed to work for the Union Pacific, and that they received their pay for their work in the month of January, 1894, from the Union Pacific pay-car, in checks bearing the names of the Receivers. There is really no conflict in the evidence raising a substantial question as to who was operating this particular engine, nor as to its ownership. It is a matter of no consequence in in this case whether on the sixth of January, 1894, the Receivers were operating the Leavenworth, Topeka & South Western railroad with the rolling-stock of the Union Pacific, in charge of their employees, under a misapprehension as to the scope of the order appointing them, or not. The only matter which concerned the plaintiff was, that it was their servants operating the property under their control that caused his injury. The instruction of the court criticised by counsel is sound. The Receivers cannot claim exemption from liability merely because they were using the track of another company in the transaction of their business at the time the plaintiff was injured.

Whether letter-press copies of way bills showing the transfer of cars from the Santa Fe to the Union Pacific, produced in evidence by the agent of the Santa Fe from records kept under his direction, were competent evidence for the purpose for which they were offered, is a matter of some doubt. But even if it be conceded that they were incompetent, the error in their admission is quite unimportant. The only bearing which the evidence had was in tending very remotely to prove who was operating Union Pacific engine No. 1204 on the sixth of January. This fact was clearly established by an abundance of competent and direct testimony.

The form of the verdict is criticised. It is as follows: "We, the jury, empanelled and sworn in the above entitled cause, do upon our oaths find for the plaintiff, and assess his damages at the sum of five thousand dollars." This was in accordance with the instruction of the court which is also criticised. Under the view of the case already indicated, this verdict must be construed as one against the receivers only; no cause of action having been proved against the railway company. It must also be held that the receivers were not materially prejudiced by the instruction of the court, or the submission of the case to the jury as one against both defendants.

3. Verdict construed against receivers.

The complaint urged because of the admission of the testimony of various witnesses to the effect that the engine causing the injury was a Union Pacific engine, and that the employees were employees of the Union Pacific, or the Union Pacific system, is without substance. In speaking of a railroad in the hands of receivers, it is usually designated by the name of the road, or of the corporation owning it, rather than that of the receivers. No confusion ordinarily arises, and

there is none in this case. Proof that the property was Union Pacific property was competent evidence against the receivers, whose duty it was to have charge of the property. Proof that the employees were Union Pacific employees was good proof that they were employees of the Receivers, when the fact became clearly established that the Receivers had entire and exclusive control of all the properties of the company and of the transaction of all its business.

The judgment must be modified by setting aside the judgment against the Union Pacific Railway Company. The judgment against the Receivers is affirmed.