HAND ET AL., APPELLANTS, *v.* HESLET ET AL., RESPONDENTS.

(No. 6,199.)

(Submitted November 21, 1927. Decided December 5, 1927.)

[261 Pac. 609.] ·

*Pleading—Complaint—Plaintiff Without Right to Sue—General Demurrer Sufficient—Parties.*

Pleading—Complaint Showing Plaintiff Without Right to Sue—General Demurrer Sufficient.
1. To state a cause of action the complaint must show that the plaintiff has the right to sue, and where it appears from the face of the pleading that he has no such right, on grounds other than lack of legal capacity, no legal judgment could be

entered in the action, and the complaint does not state a cause of action; in such a situation a general demurrer on that ground is sufficient.

Same—Objection That Complaint Does not State Cause of Action may be Raised at Any Time.

2. The objection that the complaint does not state a cause of action may be raised at any time, and for the first time on appeal.

Same—Parties.

3. *Held*, that while under section 7398, Revised Codes 1921, the common-law distinctions between joint, joint and several and several liabilities are abolished, under section 7397 the rights which may be enforced by several persons are left undisturbed; they may be either enforced jointly, severally, or jointly and severally, as the facts may warrant.

Same—Joint Obligees—Parties.

4. The only particular in which the common-law rule relative to the uniting or severance of joint obligees, covenantees or promisees has been changed is the one provided for by section 9083, Revised Codes 1921, to the effect that a party who refuses to join as a plaintiff may be made a defendant.

Same—Contracts—If Plaintiffs Without Right to Sue, Complaint Does not State Cause of Action.

5. In an action for the breach of a written promise to a number of persons to give them a lease and option on mining property, brought by the personal representatives of one of them who had died, *held* that while the interest of the decedent passed to them, the cause of action was a joint one in the remaining copromisees, the real parties in interest, whether partners or joint adventurers, who, in case action were brought by them, would be required to account to such representatives; that therefore the representatives of decedent had no right to sue and the complaint did not state a cause of action (see par. 1 above).

[1] Abatement and Revival, 1 **C. J.**, sec. 326, p. 181, n. 76. Defect, 18 **C. J.**, p. 458, n. 9 New. Descent and Distribution, 18 **C. J.**, sec. 192, p. 909, n. 43. Pleading, 31 **Cyc.**, p. 102, n. 4, p. 293, n. 98, p. 296, n. 14, p. 738, n. 3, p. 743, n. 11.

[2] Appeal and Error, 3 **C. J.**, sec. 708, p. 786, n. 76. Pleading, 31 **Cyc.**, p. 729, n. 54.

[3, 4] Contracts, 13 **C. J.**, sec. 565, p. 576, n. 8 New. Parties, 30 **Cyc.**, p. 113, n. 17.

[5] Pleading, 31 **Cyc.**, p. 296, n. 14.

*Appeal from District Court, Silver ·Bow County; George Bourquin, Judge.*

ACTION by Isabel Hand and another against J. K. Heslet and another. From a judgment in favor of defendants, plaintiffs appeal. Affirmed.

2. See 21 **Cal.** Jur. 250.
3. See 6 **Cal.** Jur. 341; 8 **Cal.** Jur. 1057.

*Mr. T. J. Davis* and *Mr. Earle N. Genzberger*, for Appellants, submitted a brief; *Mr. Genzberger* argued the cause orally.

*Mr. Sydney Sanner, Mr. Fred J. Furman* and *Mr. J. L. Templeman,* for Respondents, submitted a brief; *Mr. Furman* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In January, 1925, Isabel Hand and Martha Isabel Hand commenced action against J. K. Heslet and the John Caplice Company for one-half of the damages alleged to have been suffered by their ancestor by reason of the breach of a written contract in which he was interested. Issue was joined, and defendants moved for judgment of dismissal on the pleadings. The motion was sustained, and judgment entered in favor of the defendants. From this judgment, plaintiffs have appealed, assigning error on the sustaining of the motion and the entry of judgment.

The complaint alleges that James D. Hand and W. C. Hosking entered into negotiations in July, 1927, with J. K. Heslet, president of the Caplice Company, for the purchase of certain manganese properties in Granite county, resulting in the tender by Heslet of a lease and option running to Hosking, but for the benefit of both, which was made subject to a lease and option given in 1916 to Patten Bros. It is then alleged that Hand and Hosking objected to this latter provision, and thereupon Heslet indorsed on the instrument:

"On payment of the first $5,000 I will arrange to dispose of the Patten lease and turn the property over clear.

"J. K. HESLET."

Heslet then signed the instrument on behalf of the corporation.

The complaint further alleges that the instrument was then assigned to one Allen, as trustee for Hand, Hosking and

others, who arranged in Chicago for the financing of mining operations, and in August, 1917, tendered the first payment of $5,000, whereupon the defendants refused to perform the contract, and gave written notice that Heslet was without authority to make the contract, and ''on said J. K. Heslet's request and with his vote'' the directors of the corporation refused to carry out the terms of the contract. It is then alleged that the contract price under the option was $125,000, while under the Patten lease the price was fixed at $150,000, and, by reason of the refusal of the defendants, Hand, Allen, Hosking and their associates were compelled to take over the Patten lease and option and pay the higher price, and suffered other damages in the total sum of $75,000; that Hand was a half owner of the lease, but thereafter died, and his interest was distributed to these plaintiffs as the wife and daughter of Hand. They pray for judgment for the one-half of the damages alleged.

To this complaint the defendants interposed separate demurrers, both general and special, but therein they did not specially demur on the ground of nonjoinder of the copromisees of Hand. The demurrers were overruled, and thereupon the defendants jointly answered.

In addition to certain admissions and denials, the answer sets up three special defenses, to the effect that Heslet's action was neither authorized nor ratified by the corporation; that Hand and Hosking falsely represented that they controlled the Patten lease, and the new lease was merely for the purpose of offering a better price on the property, and therefore the consideration failed; that Hosking had sued on the alleged breach of the contract and the suit had been settled, Hosking giving a full receipt and acquittance, which action is a bar to this suit, and Hand and plaintiffs are estopped in this action by reason of the misrepresentations and the settlement recited. By reply the special defenses are put in issue.

The motion for judgment on the pleadings raised three questions: (1) As to the right of the heirs at law of one of

the copromisees to sue for the breach of the contract; (2) the right of these plaintiffs, or their ancestor, to split the cause of action; and (3) as to whether suit and settlement by one of the copromisees extinguished the entire cause of action.

1. There is no question but that the cause of action survived [1]   the death of Hand and that his interest in the property rights involved therein passed to his personal representatives (secs. 6805 and 9086, Rev. Codes 1921; *First Nat. Bank* v. *Cottonwood Land Co.,* 51 Mont. 544, 154 Pac. 582; *Melzner* v. *Northern Pac. Ry. Co.,* 46 Mont. 162, 127 Pac. 146; *Anderson* v. *Wirkman,* 67 Mont. 176, 215 Pac. 224), but it does not follow that, by alleging a cause of action, and their interest in the subject matter thereof, these plaintiffs are entitled to maintain the action.

2. In addition to alleging the existence of a cause of action in someone, the plaintiffs must show that the cause of action exists in them, and that they are entitled to sue thereon in the manner in which they sued. (*Lefebure* v. *Baker,* 69 Mont. 193, 220 Pac. 1111; *La Bonte* v. *Mutual Fire & Lightning Ins. Co.,* 75 Mont. 1, 241 Pac. 631.)

3. Plaintiffs assert that, as defendants did not demur specially on the ground of nonjoinder of the copromisees of Hand, the objection to the parties plaintiff comes too late.

As to parties plaintiff, our statute on demurrer provides for three classes of objection: As to a defect in parties plaintiff; a misjoinder of parties; and that the plaintiff has not the capacity to sue. (Sec. 9131, Rev. Codes 1921.) The word "defect" means "deficiency," and refers to a nonjoinder of parties with those suing, and is not broad enough to include any error in the selection of parties. (*Palmer* v. *Davis,* 28 N. Y. 249; *Stiles* v. *City of Guthrie,* 3 Okl. 26, 41 Pac. 383; *McKee* v. *Eaton,* 26 Kan. 226; *Allen* v. *Cooley,* 53 S. C. 414, 31 S. E. 634; *Dolan* v. *Hubinger,* 109 Iowa, 408, 80 N. W. 514.) A "misjoinder" is the joining with proper parties those who should not have been joined (*Read* v. *Sang,* 21 Wis. 678; *Dunderdale* v. *Grymes,* 16 How. Prac. 195; *Powers* v. *Bumcratz,* 12

Ohio St. 273); while lack of "capacity to sue," of course, refers to some lack of capacity on the part of a plaintiff otherwise having a cause of action, such as infancy and the like. Failure to demur on any of these grounds provided in section 9131, pointing out specifically the particular defect relied upon (sec. 9132), when the defect appears on the face of the complaint, is deemed a waiver of the objection (sec. 9136; *Church* v. *Zywert,* 58 Mont. 102, 190 Pac. 291; *Frost* v. *Long,* 66 Mont. 385, 213 Pac. 1107).

4. However, a demurrer may be interposed only on those grounds provided by statute, and when there is some proper party before the court who could be awarded judgment, and, if the objection goes to other grounds why a plaintiff should not maintain his action than those mentioned in subdivisions 2 and 4 of section 9131, section 9136 does not apply. (*Union Pac. Ry. Co.* v. *Smith,* 59 Kan. 80, 52 Pac. 102; ¡*Weber* v. *Dillon,* 7 Okl. 568, 54 Pac. 894; *Bort* v. *Yaw,* 46 Iowa, 323; *Hill* v. *Marsh,* 46 Ind. 218.)

5. If, as a matter of fact, even though a cause of action is shown to exist in favor of someone, it appears from the face of the complaint that the appearing plaintiffs are not entitled to maintain such action, on grounds other than their lack of legal capacity to sue, no legal judgment could be entered in the action, and the complaint does not state a cause of action; in such a situation a general demurrer, on the ground that the complaint does not state a cause of action, is sufficient. (See Pomeroy's Code Remedies, 4th ed., sec. 130.)

6. The objection that the complaint does not not state a [2]  cause of action upon which a judgment can be entered may be raised at any time, and for the first time in the supreme court. (*Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601; *Munson* v. *Solace,* 66 Mont. 70, 212 Pac. 1103.)

7. Plaintiffs contend that, under the provisions of section [3, 4]  7398, Revised Codes of 1921, which reads: "All joint obligations and covenants shall hereafter be taken and held to be joint and several obligations and covenants"—the rights

of the several copromisees were joint and several. The immediately preceding section (7397) must be read in connection with this section, in order to obtain a clear idea of the intent of the legislature in this connection. Section 7397 reads: "An obligation imposed upon several persons, or a right created in favor of several persons, may be: (1) Joint; (2) several; or (3) joint and several." So reading the two sections together, we find that, while both obligations and rights may be either joint, several or joint and several, the legislature has declared that, after the enactment of those sections, joint obligations and covenants made by several persons shall be considered and held to be joint and several, and the next succeeding section (7399) provides for a contribution when one of such joint obligors shall have been compelled to perform the entire obligation; but in section 7397 obligations and covenants imposed upon several persons and rights created in favor of several persons are differentiated, while section 7398 deals only with the former, and therefore leaves the rights which may be enforced by several persons either joint, several, or joint and several, as the facts render them. Of these statutory provisions, Mr. Pomeroy in his excellent work on Code Remedies, fourth edition, page 163, has said: "Even in those states Codes where the common-law distinctions between joint, joint and several, and several *liabilities* are utterly abolished, and the practical requirements as to the union or severance of parties *defendant* based upon them are wholly swept away, there is no corresponding legislation as to the distinctions between joint and several *rights,* and the union or severance of *plaintiffs.*"

8. Further, plaintiffs contend that they are entitled to sever the cause of action stated, by virtue of section 9085, Revised Codes of 1921, which provides: "All persons holding as tenants in common, joint tenants, or any number less than all, may jointly or severally commence or defend any civil action or proceeding for the enforcement or protection of the rights of such party. In all cases one tenant in common or joint

tenant can sue his cotenant.'' Again the section relied upon must be read in connection with its companion section upon the same subject, to-wit, section 9083, which provides: ''Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but, if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant.''

Commenting upon the Code provisions respecting the uniting or severance of joint obligees, covenantees, or promisees, Mr. Pomeroy, in section 143 of his work referred to above, declares that the common-law rule requiring all such to unite has not been abrogated by the Codes, and has been modified only in the single particular of permitting parties to be made defendants who refuse to join as plaintiffs. The writer calls attention to the fact that the Code provisions adopt the equity rule for the government of parties in law cases as well, but that, in this particular, the equity rule was substantially the same as that of the law, and required all joint claimants to prosecute their joint right. This declaration is in conformity with our own decisions. (*American Live Stock & Loan Co.* v. *Great Northern Ry. Co.,* 48 Mont. 495, 138 Pac. 1102; *Brown* v. *Daly,* 33 Mont. 523, 84 Pac. 883.)

9. It is only fair to the plaintiffs to say here that, in considering Code provisions above, Mr. Pomeroy did not refer to such a provision as is found in section 9085 above, and, while that section was in effect when the above decisions were rendered by this court, it was not mentioned in those decisions. The reason for the omission by this court is apparent: In each of those cases, as in the case before us, there was no joint tenancy or tenancy in common in any property; in each case the cause of action alleged was for the breach of a promise to create a joint or common tenancy. Had the defendants in the case at bar performed the contract, a joint tenancy or tenancy in common would have been created; but they are sued for failure to create that tenancy, and the right of action which accrued on the breach must be judged from the acts of

the parties at the time the promise was made. It cannot be affected by anything the copromisees did thereafter, or by the fact that, had they secured the benefits of the contract, the statute would have permitted them to then proceed either jointly or severally, if section 9085 would permit one of such tenants to sue alone without making his cotenants parties defendant under the mandate of section 9083. (See *Porter* v. *Fletcher*, 25 Minn. 493; *Lyford* v. *Northern Pacific Ry. Co.*, 92 Cal. 93, 28 Pac. 103.)

10. Plaintiffs assert that the interests of the copromisees was not joint, but in common, under section 6683, Revised Codes 1921, which reads: "Every interest created in favor of several persons in their own right, including husband and wife, is an interest in common, unless acquired by them in partnership, for partnership purposes, or unless declared in its creation to be a joint interest, as provided in section 6680." Section 6680 provides that: "A joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants."

These provisions cannot aid plaintiffs here, for the right of action in which their ancestor had an interest was not created by will or transfer, but arose out of a tort or breach of an agreement or promise to transfer, and the copromisees were certainly either partners seeking to secure property for partnership purposes, or were joint adventurers contracting to acquire property for their joint benefit.

11. It is held in *Hand* v. *Allen*, 294 Ill. 35, 128 N. E. 305, [5] a case involving the activities of the copromisees in this case after acquiring the property under the Patten lease and option, that, at the time the instrument was secured, Hand and Allen were partners, but that the agreement by which they, with others, secured the option and later purchased the properties did not necessarily make those others partners in the enterprise, but whether the copromisees were partners or joint

adventurers, the law governing in this respect is the same. (Rowley's Modern Law of Partnership, sec. 975.)

12. If Hand, as a partner or joint adventurer had brought this action, however, as stated above, the failure of the defendants to demur specially would have constituted a waiver of the defect in the parties plaintiff; but the objection goes deeper than a defect, for the following reasons:

Not only was the right of action a joint one, but, when Hand died, the joint right survived to the surviving joint owners, who, on recovery, must pay the part of the deceased to his personal representatives. (*Buckman* v. *Brett,* 35 Barb. (N. Y.) 596.) The whole right, the unified interest, vested in the survivors, and "if they do possess the entire right, then they are the real parties in interest. * * * The principle of the common law, vesting the whole right in the survivors, is not changed by the Code, and so long as the principle remains unchanged the persons possessing this entire right must be regarded as the real parties in interest. It requires legislation to abrogate a rule of law, and the courts cannot assume the functions of the legislature." (*Indiana Ry. Co.* v. *Adamson,* 114 Ind. 282, 15 N. E. 5.) So again, in section 143 of his work above referred to, Mr. Pomeroy says: "In actions *ex contractu,* all persons having a joint interest must be made plaintiffs, and, when one of them dies, the action must be brought or must proceed in the names of the survivors, the personal representatives of the deceased obligee or promisee cannot be joined as coplaintiffs; and in the same manner, in actions *ex delicto* for injuries to personal property, all the joint owners must unite, and, if one of them dies, the action is to be prosecuted by the survivors alone. The common-law rules remain in full force."

These are salutary rules for the prevention of multiplicity of suits and to the end that there may be a termination of litigation.

13. Therefore, as the plaintiffs could not be joined as parties plaintiff, it follows that they could not bring the action alone,

and, as there was no appearing plaintiff in whose favor a valid judgment could be entered, the complaint did not state a cause of action.  It follows that there was no waiver of the objection by failure to demur specially, and no error was committed in entering judgment on the pleadings.

As the judgment must be affirmed on the foregoing principles, we need not consider the effect of splitting the cause of action existing in favor of the copromisees, or the effect of the settlement made and receipt given by Hosking.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.