[Sac. No. 4588. In Bank.—March 1, 1933.]

JOHN PEDRO, Respondent, v. THE COUNTY OF HUMBOLDT (a Political Corporation) et al., Appellants.

J. T. Fraser, District Attorney, and Delos A. Mace, Deputy District Attorney, for Appellants.

J. Logan Beamer for Respondent.

SHENK, J.—This is an appeal by the defendant County of Humboldt from a judgment against it in an action to enforce the terms of a certain deed accepted by the county from the plaintiff's grantor, and for damages.

In November, 1921, Elizabeth Marks was the owner of a ranch in Humboldt County comprising upwards of 240 acres, consisting of some timbered areas and some low reclaimed marsh-land used for agricultural purposes. On the fifteenth day of that month she executed and delivered to the County of Humboldt, and the county accepted from her, a deed to a 40-foot strip for road purposes running along the easterly boundary of her ranch, and the strip was thereafter included in the construction of the Samoa-Arcata highway. That deed recited a consideration of $10 and contained the following provisions: "It is understood and agreed that the grantee is to maintain and keep open a ditch along the east side of said right of way. Also to keep in good repair the flood gates and the outlet to ditch on east side of said right of way, and also to construct a road from cow barn to field on upper end of said property."

Subsequently and in July, 1924, Elizabeth Marks entered into a contract of sale of said ranch to the plaintiff herein for the total purchase price of $7,000 payable in certain annual installments. In February, 1930, the purchase price having been paid, Elizabeth Marks deeded the ranch to the plaintiff excepting from the grant certain lands theretofore deeded including the 40-foot strip to the County of Humboldt, but specifying that the provision in the deed to the county "relating to ditches, fences, floodgates, and road are not accepted", but that the interest of the grantor therein was assigned to the plaintiff.

The complaint alleged that the defendants have failed and refused to maintain the flood-gates and ditch in good condition and repair, as a consequence of which the cultivable

lands of the plaintiff, consisting of eleven or more acres, have become flooded with salt water and have become valueless. It was also alleged that prior to the commencement of the action the plaintiff filed with the defendant board of supervisors a claim in due and regular order for damages, which was rejected by the board. The plaintiff prayed for equitable relief under the terms of the agreement and for damages. At the trial, however, the plaintiff abandoned any right to equitable relief and sought only the recovery of damages by reason of the defendants' failure to perform the contract. The jury returned a verdict for the plaintiff in the sum of $3,250.

The main contention on this appeal is that the provision contained in the deed of Elizabeth Marks to the County of Humboldt is not a covenant running with the land, but is a personal covenant running only in favor of Elizabeth Marks.

It must here be noted that the flood-gates and ditch in question are not on any part of the land conveyed to the County of Humboldt, but were maintained on the right of way of the Northwestern Pacific Railroad Company alongside and easterly of the 40-foot strip conveyed to the county. But whether or not the flood-gates and ditch were upon the real property conveyed to the county, the agreement contained in the deed to the county, inasmuch as it is not a covenant for the benefit of the land conveyed, is not a covenant running with the land as defined by section 1462 of the Civil Code. (*Lyford* v. *North Pac. Coast R. R. Co.*, 92 Cal. 95 [28 Pac. 103].) Neither is the agreement a condition or restriction on the use of the land conveyed, nor does it create an easement therein for the use or benefit of the grantor. It is a personal undertaking on the part of the county, as the grantee and covenantor, obviously given as part of the consideration for the deed, and is binding upon it by its acceptance of the deed as fully as if it had itself executed the instrument of conveyance. (Thompson on Real Property, sec. 1985.) Whether the agreement, that is, the obligation to perform the agreement, would bind assigns of the covenantor is not a question involved in this case. But it may not avail the defendant to say that the benefit of the contract between the original parties may not be enforced by the person entitled thereto by assignment from the cove-

nantee. ▮ The defendants contend that, in order to make the benefit of the contract assignable, technical words showing an intention to benefit the heirs or assigns of the grantor or covenantee are necessary. But, as in the case involving the benefit of a covenant running with the land (*Sacramento Suburban Fruit Lands Co.* v. *Whaley,* 50 Cal. App. 125 [194 Pac. 1054]; 7 Cal. Jur., pp. 728 and 737), technical words should not be necessary to show an intent that the benefit is transferable, if that intent can be shown by the nature and subject matter of the agreement; and if, as in the present case, the benefit of the covenant has been assigned, the assignee is entitled to enforce it.

▮ The nature and subject matter of the agreement are themselves conclusive that the fulfillment of the agreement was not intended to benefit the covenantee only, but that it was intended also to benefit the land retained by the covenantee at the time she deeded the 40-foot strip to the defendants, and therefore to benefit the person or persons who may succeed to the ownership of the land and to the agreement made for the benefit thereof. The defendants do not question that the intent to benefit the land retained by the grantor is thus expressed by the agreement. The language of the covenant. does not support a conclusion that the grantor exacted a promise and that the covenantor agreed to maintain the flood-gates and ditch for the benefit of the land conveyed, that is, the county road; or that the road to be constructed from the cow barn to the field on the upper end of the ''property'' referred to any part of the property conveyed. That it was intended to benefit the land retained, or some part thereof, is clear.

▮ Furthermore, it has been held that counties may not accept and retain the benefit of such conveyances and thereafter repudiate the reasonable burdens undertaken by them as a part of the consideration therefor (*Hill* v. *City of Oxnard,* 46 Cal. App. 624 [189 Pac. 825]), and no good reason is suggested why that principle should not be applied in the present case. Neither do the defendants question the reasonableness of the covenant imposed by the acceptance of the grant.

▮ The contention is also made that the complaint does not state facts sufficient to constitute a cause of action, inasmuch as, so it is claimed, matters of substance are not

alleged in direct terms but are included by inference to be deduced from exhibits attached to the complaint. The criticism might properly have been made the subject of a special demurrer, but since such a demurrer to the complaint or to the supplemental complaint was not filed, no further discussion of it will be indulged. (21 Cal. Jur., p. 41.) The pleadings were sufficient as against a general demurrer.

Neither should any merit be accorded to the contention that the claim filed by the plaintiff with the board of supervisors prior to bringing action was not itemized, as required by law. The defendants by their answer sought to predicate a defense upon that ground. But the answer does not show that the rejection of the claim by the board was not upon its merits, so as to entitle the defendants to an adjudication on the issue raised by that defense. As provided by section 4075 of the Political Code, the time when the board of supervisors may raise this point is before the final acceptance or rejection of the claim on the merits, by notice to the claimant giving further time to have the demand properly itemized, etc.

The only remaining point requiring discussion is that the damages are excessive and that the court erred in its instructions to the jury as to the items of damage which the plaintiff would be entitled to recover. The court instructed the jury that the plaintiff would be entitled to recover for loss of profits and the rental value of the property, in addition to the cost of restoring the land and other reasonable damage naturally flowing from the defendants' failure to perform its agreement, suffered or to be suffered by the plaintiff. The only evidence called to our attention on the subject of damages is the showing on behalf of the plaintiff that the rental value of the land, before it was flooded with ocean water, was $25 per acre per annum, and that it would take from eight to ten years to reclaim the land after the water was shut off. Also that the value of the land before flooding was from $350 to $400 per acre and after flooding was not more than $100 per acre. Computed either way the verdict does not appear to be grossly excessive. The area overflowed was the only portion of the plaintiff's land that was valuable. While loss of profits was improperly included in the instruction as an item of damages,

we cannot say from the evidence presented that such inclusion was prejudicial.

The judgment is affirmed.

Seawell, J., Langdon, J., Preston, J., Thompson, J., Curtis, J., and Waste, C. J., concurred.