428 P.2d 978

W. B. PRICE, also known as Weldon B. Price, H. J. Loe and Ruby M. Loe, his wife, Plaintiffs-Appellees,

v.

S. P. JOHNSON, Jr., individually and as executor of the last will and testament of S. P. Johnson, deceased, Geraldine O. Johnson, W. C. Hubbard, W. S. Montgomery and Helen H. Bellows, Defendants-Appellees,

Louise Wright Simpson and Elwood Roy Wright, heirs and devisees of Gladys Louise Price, deceased, Defendants-Appellants.

W. B. PRICE, also known as Weldon B. Price, H. J. Loe and Ruby M. Loe, his wife, Plaintiffs-Appellants,

v.

The ATLANTIC REFINING COMPANY, a corporation, R. E. Reding, Lloyd Evans, S. P. Johnson, Jr., individually and as executor of the last will and testament of S. P. Johnson, deceased, Geraldine O. Johnson, W. C. Hubbard, W. S. Montgomery, Helen H. Bellows, Louise Wright Simpson, Elwood Roy Wright, heirs and devisees of Gladys Louise Price, deceased, C. J. Beach, Edna Beach, G. T. Hall, Floyd Graham, Ben Graham and Ethel Graham, Defendants-Appellees.

No. 8189.

Supreme Court of New Mexico.

May 29, 1967.

Rehearing Denied July 7, 1967.

Heidel, Swarthout & Samberson, Lovington, for W. C. Hubbard, W. S. Montgomery and Helen H. Bellows. Atwood & Malone, Robert A. Johnson, Roswell, for S.. P. Johnson, Jr., and Geraldine O. Johnson.

Robert W. Ward, Lovington, for Louise Wright Simpson and Elwood Roy Wright.

Girand, Cowan & Reese, Hobbs, for W. B. Price, H. J. Loe and Ruby M. Loe.

## OPINION

HENSLEY, Jr., Chief Judge, Court of Appeals.

The plaintiffs, W. B. Price and others, brought this action in the district court to quiet title to mineral interests in certain lands in Lea County.

The pleadings became so complex by reason of the numerous parties involved and the multiple claims and cross-claims that by agreement the record in this court begins with the requested findings submitted by the parties.

So much of the facts as will be helpful in understanding the issues and the disposition of the case are here set forth.

T. L. Price at one time owned the north one-half of the southeast one-fourth and the southeast one-fourth of the southeast one-fourth of Section 15, Township 15 South, Range 38 East of the New Mexico Principal Meridian in Lea County, New Mexico, as his separate estate. In 1928, T. L. Price conveyed to M. E. Corbin an undivided one-half interest in the surface and minerals in the north one-half of the southeast one-fourth, and the deed was promptly recorded. In 1932, T. L. Price and his wife, Gladys Louise Price, executed a deed to C. J. Beach. The deed in its granting clause recited:

"An undivided one-half interest in the following described land;

The north one-half of the S/E Quarter of Section No. 15, in Township 15, South of range 38 east of the New Mexico principal Meridian; in Lea County, New Mexico and containing 80 acres of land. Also an undivide__ one-half interest in and to The south one-half of the S/W one-Fourth of Section No. 14, Township 15, South, Rante 38 east of the New Mexico principal Meridian, Lea County, New Mexico.

"The intention of the Grantors is to Convey unto the Grantees an undivided one-half interest in said land, only, it is understood that there is now a loan against said land and Grantee is to assume his pro rata part of said loan. No part of which the Grantors herein are liable for."

Following the warranty clause in the deed this wording appeared:

"Grantor hereby retain unto themselves an undivided one-half of all Royalty in and to the above described land."

In 1939, while a resident of Texas, T. L. Price executed a Last Will and Testament devising all of his property in Texas and New Mexico to his wife Gladys Louise Price. The will did not name his son, W. B. Price, nor make any provision for him. T. L. Price died in 1941 while yet a resident of Texas and his will was duly admitted to probate in Texas. T. L. Price left no children except W. B. Price who was born prior to the date of the execution of the will. Further, T. L. Price knew at the time of making the will that W. B. Price was his son.

The trial court found that the deed from T. L. Price and his wife to C. J. Beach failed to accomplish a reservation of one-half of the royalty because of the conflict between the reservation and the terms of the granting, habendum and warranty clauses in said deed.

The trial court further found that the Last Will and Testament of T. L. Price was partially revoked by law insofar as lands in New Mexico were concerned because of § 30-1-7, N.M.S.A.1953.

While this suit was pending, Gladys Louise Price, a defendant, died. Her children, Louise Wright Simpson and Elwood Roy Wright, were substituted as parties defendant and along with other defendants now appeal from the part of the judgment construing the deed to Beach. These defendants further appeal from that part of the judgment holding that W. B. Price was a pretermitted child of T. L. Price. The plaintiffs, W. B. Price and others appeal from that part of the judgment construing the deed to C. J. Beach.

■ It has been agreed by all parties to this appeal that under the laws of the state of Texas W. B. Price was not a pretermitted heir, in that he was born prior to the date of the execution of the will of T. L. Price.

Two questions are presented for determination. First, did the trial court err in holding that T. L. Price and his wife, Gladys Louise Price, in the deed to C. J. Beach, conveyed to the grantee an undivided one-half of the oil, gas and other minerals in and under and that may be produced from the north one-half of the southeast one-fourth of Section 15, and did the court err in holding that the grantors did not effectively retain, reserve or except to themselves any portion of the royalty in the above described land by the language "Grantor hereby retain unto themselves an undivided one-half of all royalty in and to the above described land"?

■ In approaching the problem it is well to note certain established principles. In Garry v. Atchison, Topeka & Santa Fe Railway Co., 71 N.M. 370, 378 P.2d 609, we repeated a statement previously made to the effect that we are in as good position as the trial court to evaluate documents and base findings thereon. Further, where a deed is susceptible to alternative construction, the construction most favorable to the grantee will be adopted. 7 Thompson, Real Property, Section 3136 (1962 Replacement). In Sharpe v. Smith, 68 N.M. 253, 360 P.2d 917, we stated:

"We find the weight of modern decisions holding that the intention of the grantor, as gathered from the four corners of the deed, is the polestar of construction, and that all parts of the deed must be examined together, for the purpose of ascertaining the intention. [Citing cases] However, under the modern rule that the intention is to be gathered from the whole deed a granting clause purporting to convey a particular estate by clear language will prevail over a conflicting habendum not equally clear."

The modern rule is well presented in 58 A.L.R.2d 1411. The annotator summarizes the cases thus:

"A reservation of minerals or mineral rights may be effectually made by the habendum not withstanding the granting clause makes no mention of them."

The trend also is reflected in Vol. IA. Summers Oil and Gas, sec. 134, page 257, Permanent Edition, as follows:

"* * * In a few cases it has been contended by counsel, that where a grantor grants land in fee and in a later clause of the deed excepts from the grant the oil and gas or other minerals, the exception is void, because repugnant to the grant, but the courts refused to follow this ancient rule of construction preferring the modern viewpoint to the effect that the all-important consideration in the construction of a deed is the intention of the parties to be gathered from the instrument as a whole."

See Beasley v. Shinn, 201 Ark. 31, 144 S.W.2d 710, 131 A.L.R. 1234; Carter Oil Co. v. Weil, 209 Ark. 653, 192 S.W.2d 215; Zaskey v. Farrow, 159 Kan. 347, 154 P.2d 1013, 157 A.L.R. 478; United Gas Public Service Co. v. Roy, La.App., 147 So. 705; Wescott v. Bozarth, 202 Okl. 149, 211 P.2d 258; Associated Oil Co. v. Hart, Tex.Com.App., 277 S.W. 1043; Peppers Ref. Co. v. Barkett, 208 Okl. 367, 256 P.2d 443.

■ Applying the rationale of the foregoing cases to the instant controversy we

conclude that the reservation in the habendum was not void for repugnancy. The trial court having concluded otherwise, we must reverse this portion of the judgment.

The second point for decision is whether the trial court erred in holding W. B. Price was a pretermitted heir under the will of T. L. Price, deceased, pursuant to § 30-1–7, supra, so that he inherited an undivided ¾th interest in all real estate owned by decedent T. L. Price in the State of New Mexico.

 The common law rule is that the law of the place where the real property is located controls the validity and effect of a will. Further that the legislature can change the common law. See 6 Bowe-Parker: Page on Wills § 60.3 and cases collected in n. 1. See also Anno. 169 A.L.R. 554. The parties apparently agree that the common law has been changed by § 30-1–10, N.M.S.A.1953. The disagreement is over the extent of the change. Section 30–1–10, supra, provides:

> "Any will executed in any foreign jurisdiction, sufficient to convey the title or [of] real estate in such jurisdiction, shall be valid in this state to the same extent as in the jurisdiction where made."

The trial court held this section related "only to formal execution requirements of foreign wills." Defendants contend that under § 30–1–10, supra, the widow, Gladys Louise Price, took the New Mexico property under the decedent's will as she did in Texas where the will was made. Under Texas law the parties correctly agree W. B. Price was not a pretermitted heir because he was born prior to the date of execution of T. L. Price's will. V.A.T.S., Probate Code § 67(a). Consequently, under Texas law, W. B. Price would not take the New Mexico property which is in dispute. We must decide whether the same result is required in New Mexico by § 30–1–10, supra.

The case of Crossett Lumber Co. v. Files, 104 Ark. 600, 149 S.W. 908, is analogous because the Arkansas court under similar facts was asked to construe statutes having the same effect, although differently worded, as §§ 30–1–7, supra, and 30–1–10, supra. Nevertheless, the effect of the Arkansas statutes in question was the same as the statutes in question in this case. In Crossett Lumber Co. v. Files, supra, the testator was a Mississippi resident who owned land in Arkansas. His will which was executed and probated in Mississippi, failed to mention a surviving child. The Arkansas court was asked to consider whether the pretermission provisions of Arkansas law applied to make the child owner of the Arkansas realty by operation of law. The Arkansas court held that the will was valid in Mississippi and was also valid in Arkansas. The Arkansas statute expressly provided that a testator who omits the name of a child from his will shall be deemed to have died intestate as to such child. Our statute is to the same effect. The will of T. L. Price was valid in Texas. We will give it the same validity in New Mexico because of § 30–1–10, supra. Section 30–1–7, supra, requires that a testator who omits his child from his will is deemed to have died intestate as to such child or its descendants. The Arkansas court held that its pretermission statute was controlling. The trial court in the instant case reached the same conclusion. So do we. Compare In re Ray's Estate, 74 Wyo. 317, 287 P.2d 629.

Although it was not urged upon the court, Dunham v. Stitzberg, 53 N.M. 81, 201 P.2d 1000, declares the force of § 30–1–7, supra, independent of a will otherwise valid.

For the reasons given the judgment of the trial court will be reversed in part and affirmed in part, and a new judgment will be entered consistent with this opinion.

It is so ordered.

NOBLE and CARMODY, JJ., concur.