447 P.2d 509

W. B. PRICE, a/k/a Weldon B. Price, and
H. J. Loe and Rubye M. Loe, his
wife, Plaintiffs-Appellees,

v.

The ATLANTIC REFINING COMPANY,
a corporation, et al., Defend-
ants-Appellees,

and

S. P. Johnson, Jr., Individually and as Ex-
ecutor of the Last Will and Testament of
S. P. Johnson, Deceased, Geraldine O. John-
son, W. C. Hubbard, W. S. Montgomery
and Helen H. Bellows, Defendants-Appel-
lants.

No. 8601.

Supreme Court of New Mexico.

Nov. 25, 1968.

Girand, Cowan & Reese, Hobbs, for ap-
pellee Price.

Robert W. Ward, Lovington, for appel-
lees Simpson & Wright.

Atwood & Malone, Robert A. Johnson,
Paul A. Cooter, Roswell, Heidel, Swarth-
out & Samberson, Lovington, for appel-
lants.

OPINION

COMPTON, Justice.

This is the second appeal of this case.
Price v. Johnson, 78 N.M. 123, 428 P.2d
978. The controversy here centers around
a reservation of a royalty interest in a war-
ranty deed from T. L. Price and Gladys
Louise Price, his wife, plaintiffs' predeces-
sors in title, to C. J. Beach. The granting
clause of the deed conveyed "an undivided
one-half interest in the following described
land." The description of the land follow-
ed. The reservation in the deed reads:
"Grantor[s] hereby retain unto themselves
an undivided one-half of all royalty in and
to the above described land."

In the former proceeding the trial court concluded that the reservation had failed because it conflicted with the granting, habendum and warranty clauses of the deed. When the appeal reached us, we concluded that there was no repugnancy in the various provisions of the deed and reversed with directions to the trial court to enter a new judgment. Upon remand the trial court found the issues in favor of the plaintiffs and concluded that plaintiffs retained an undivided one-half royalty interest in the land described, and the defendants appeal.

■■ Appellants contend that the deed reserved to the grantors only an undivided one-half royalty in the one-half mineral interest *conveyed*. Conversely, appellees contend that the deed reserved an undivided one-half royalty interest in the *land described*. We are inclined to appellees' position. We are committed to the rule that in construing a written instrument we look to the four corners of the instrument itself to ascertain the intent of the grantor. Price v. Johnson, supra. Applying this test, we think the intent of the grantors is made clear by the language used, "one-half of all royalty in and to *the above described land.*" (Emphasis ours). Consequently, we construe the deed as reserving to the grantors, their heirs and assigns one-half of the royalty resulting from minerals produced and marketed from the land. Duvall v. Stone, 54 N.M. 27, 213 P.2d 212. See also Lanehart v. Rabb, 63 N.M. 359, 320 P.2d 374; King v. First National Bank, 144 Tex. 583, 192 S.W.2d 260, 163 A.L.R. 1128.

■ Appellants make the further contention that the retention of the mineral interest violates § 70–1–2, N.M.S.A. 1953, the rule against perpetuities, citing Dallapi v. Campbell, 45 Cal.App.2d 541, 114 P.2d 646. We see no violation of the statute. The rule of perpetuities relates only to a future interest in property while the royalty retained is real property, a present interest in the minerals in and under the land described. Lanehart v. Rabb, supra. Dallapi v. Campbell, supra, is distinguishable on the facts. There, the grantors reserved the exclusive right to all minerals, the surface only passing to the grantee. Such is not the case before us; here, the grantee acquired both the surface and one-half of the minerals in the land. He and his heirs and assigns own the exclusive leasing rights on the land, together with the exclusive right to all bonus monies and delay rentals. The owner of the land may not, however, lease it so as to deprive the grantors, their heirs and assigns of their royalty if minerals are produced from the land. Duvall v. Stone, supra.

The judgment should be affirmed.

It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.