Ralph KLAWITTER and Lillian Klawitter, his wife, Plaintiffs,

v.

UNITED STATES of America, acting By and Through the SECRETARY OF INTERIOR, and the City of Missoula, a Municipal Corporation of Montana, etc., et al., Defendants.

No. CV 75–150–M.

United States District Court; D. Montana, Missoula Division.

Dec. 22, 1976.

Garlington, Lohn & Robinson, Missoula, Mont., for plaintiffs.

U.S. Atty., R. E. Murray, Jr., Butte, Mont., for the Government.

Fred C. Root, Missoula, Mont., for the City of Missoula.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

In 1936 Higgins Realty Company, the then owner of lands in the Southwest Quarter of the Southeast Quarter of Section 33, Township 13 North, Range 19 West, M.P.M., Missoula County, deeded a portion of such lands to the United States. The deed contained this clause:

RESERVING AND EXCEPTING, however, from this grant and conveyance the use and right to the waters arising from a spring or springs situated within or upon the said above described tract, except that there is granted herein the use of such water from the said spring as may be necessary for domestic use and lawn sprinkling purposes, when available, and subject to use by donor. And provided further that in the event the above described land shall at any time be abandoned by the grantee herein or shall cease permanetly (sic) to be used as an aerial or broadcasting station by the Government of the United States or for its uses and purposes, then upon such abandonment or such discontinuance for use as a radio station that the same will revert to the grantor herein or to its successors and assigns then in the ownership of the adjoining land in the said Section 33.

**1350**

Sometime prior to 1975 the United States ceased to use the property as a Forest Service radio site, and in April of 1975 transferred the land under the Act of June 30, 1949 (40 U.S.C. § 471, 63 Stat. 378) to the City of Missoula for use as a public park. In the meantime the land surrounding the park had been sold by the Higgins Realty Company and subdivided. A portion of the subdivision is platted as shown:

Plaintiffs, the owners of the tract designated as Lot 1, claim ownership of the tract designated U. S. Forest Service Radio Station[1] by reason of the operation of the reversionary clause.

Since the United States has ceased to use the land for a radio station, a cause for reversion may exist[2] if the reversionary clause is valid.

It is my opinion that the reversionary clause offends the Montana rule against perpetuities and is void. The rule in Montana is stated as follows:

1. I have used a plat furnished by one of the parties. It is not authenticated, and the measurements of the tract in question do not conform to the measurements shown on the deeds. The complaint describes Lot 1 of Block L of *Farviews Homesites Addition No. 4*. The plat shows a Lot 1 of Block 4A of some unnumbered addition. Since the relationship of the plaintiffs' lands to the lands in dispute seems to be correctly shown, I have reproduced the plat furnished. *If the parties deem it of any importance, they should so indicate in a motion to amend the findings.*

2. There is nothing before the court which indicates the ownerships of the adjoining lands at the time of the cessation of use for radio station purposes, and I assume that plaintiffs could not prevail unless they could show ownership as of that time or a conveyance from the then owners. A brief reference to the plot reveals the difficulty of apportioning land to adjoining owners and raises a question as to whether the reversionary clause was so vague *as to be void*. In view of the manner in which the case is resolved, it is unnecessary to reach those questions.

When interest must vest. No interest in real or personal property shall be good unless it must vest not later than twenty-one (21) years after some life in being at the creation of the interest and any period of gestation involved in the situation to which the limitation applies. The lives selected to govern the time of vesting must not be so numerous nor so situated that evidence of their deaths is likely to be unreasonably difficult to obtain. It is intended by the enactment of this statute to make effective in this state the American common-law rule against perpetuities. — R.C.M.1947 § 67–406(b)

It was possible that the United States would use the lands for a radio station for a period longer than lives in being plus 21 years, and although it apparently did not, the possibility created by the reversionary clause offends the rule.

It is urged, however, that, at common law, possibilities of reverter are not subject to the rule against perpetuities,[3] and without deciding the question, I assume that to be true for the purposes of this opinion. The question remains—did the deed in question create a possibility of reverter?

 Under the common-law theory, the creation of a possibility of reverter vested an interest in the grantor and his heirs although rights to possession might not vest until centuries later.[4] However, a shifting executory use is subject to the rule[5] and this because the executory interests "do not have the capacity of vesting in interest before they vest in possession."[6]

 I interpret the language of the deed to vest the reversion in those persons who at the time of the occurrence triggering the reversion were in possession of the adjoining land. Those persons could not be ascertained at the time of the execution of the deed or thereafter until the happening of the occurrence, which might be long after the period of lives in being plus 21 years. The grantor here could have successfully reserved the possibility of reverter to itself and its successors in the land described in the deed, but the grantor could not vest any interest in persons privy neither as successors to the corporation nor as to the land described in the deed.[7] The possibility of reverter exists only in the creator of the interest or his heirs.[8] While a vesting under the rule may occur when an interest, as distinguished from the possession, is vested, those to whom the property would have vested in this case had neither interest nor possession until the happening of the contingency. The reversionary clause created a shifting executory grant, was within the rule against perpetuities, and fails.

The plaintiffs' motion for summary judgment is denied. The court has reconsidered

---

3. *See Perpetuities in a Nutshell,* 51 Harv.L.Rev. 638, 647 (1938); *City of Klamath Falls v. Bell,* 7 Or.App. 330, 490 P.2d 515 (1971). The scholars have criticized this doctrine. *See Perpetuities: The Nutshell Revisited,* 78 Harv.L.Rev. 973, 980 (1965).

4. "Possibilities of reverter are not subject to the Rule against Perpetuities. It is sometimes said that this is because they are reversionary interests and hence, in common-law theory, vested. Thus,

 "20. T devises Blackacre 'to the A Church so long as the premises are used for church purposes.' Upon the cessation of the prescribed use the property reverts to T and his heirs, even if this occur centuries later." (Footnote omitted.) —*Perpetuities in a Nutshell, supra,* note 3, at 647.

5. L. Simes and A. Smith, The Law of Future Interests § 1236 (2d ed. 1956).

6. "However, executory interests do not have the capacity of vesting in interest before they vest in possession. Thus the Rule against Perpetuities requires that executory interests become possessory within lives and 21 years.

 "22. T devises Blackacre to A, but if liquor shall ever be sold on the premises then to B. B's interest is a shifting executory devise; it need not become possessory within the period of perpetuities; and it therefore fails." (Footnote omitted.) —*Perpetuities in a Nutshell, supra,* note 3, at 648.

7. I assume without deciding that a possibility of reverter might be assigned in Montana. *See City of Klamath Falls v. Bell, supra,* note 3.

8. L. Simes and A. Smith, The Law of Future Interests §§ 282 and 284 (2d ed. 1956). I assume the legal successors to a corporation to be in the same position as an heir.

the motion of the City of Missoula to dismiss. That motion is now granted.

IT IS ORDERED that plaintiffs be denied all relief. Let judgment be entered accordingly.