671 P.2d 637

LEX PRO CORPORATION, a Utah corporation, McCasland Enterprises, Inc., a New Mexico corporation, Clinton Thelander and Ruth Thelander, his wife, Petitioners,

v.

SNYDER ENTERPRISES, INC. and Security Federal Savings and Loan Association of Albuquerque, a United States corporation, Respondents.

No. 14848.

Supreme Court of New Mexico.

Sept. 21, 1983.

Rehearing Granted Oct. 20, 1983.

On Rehearing and Opinion Refiled Nov. 10, 1983.

Modrall, Sperling, Roehl, Harris & Sisk, George T. Harris, Jr., Zachary L. McCormick, Bruce Pasternack, Albuquerque, for petitioners.

Scott Oliver, Albuquerque, for respondents.

## OPINION

SOSA, Senior Justice.

This case comes to us on a writ of certiorari. The plaintiffs below petitioned us to review the decision of the Court of Appeals holding that a restrictive covenant in a deed did not run with the land because neither the language of the deed nor the circumstances surrounding its execution indicated that the original covenanting parties intended that the covenant should bind their successors in interest. *Lex Pro Corp. v. Snyder Enterprises, Inc.,* Ct.App. No. 5880 (Filed February 15, 1983). We granted certiorari and hereby reverse the decision of the Court of Appeals.

The question presented for our resolution is whether the phrase "subject to a building setback line 50 feet from the westerly right-of-way line of Wyoming Blvd. N.E. and parallel with Wyoming Blvd. N.E." in a deed creates a building setback by restrictive covenant, enforceable in equity against a subsequent owner of the property by successors in interest to the original grantor of the property. This Court is in as good a position as the trial court to evaluate and construe a document. *Price v. Johnson,* 78 N.M. 123, 428 P.2d 978 (1967). We hold that the language of the deed created a restrictive covenant that is binding on the defendant.

The facts are not in dispute. In January 1970, F. Benion Redd and Ivalou Redd, his wife, conveyed by warranty deed a portion of a lot in the City of Albuquerque to Security Federal Savings & Loan Association. The phrase quoted above followed the description of the land conveyed. The deed was recorded in the office of the County Clerk of Bernalillo County. Security Federal conveyed the property in 1975 to Sproul Investment Corporation, which in turn conveyed a portion of it to Garnet Snyder in 1979. In 1980 Garnet Snyder transferred the property to the defendant, Snyder Enterprises.

The plaintiffs own property adjoining that of the defendant. Clinton and Ruth Thelander own property immediately south of the defendant's lot, which was originally owned by Mr. and Mrs. Redd. McCasland Enterprises owns property immediately to the north (including part of the property conveyed by the 1970 deed), and Lex Pro Corporation (a corporation formed by the Redds that now holds property owned by them at the time of the conveyance to Security Federal) owns property immediately to the north of McCasland's.

In early 1980, the defendant constructed a building on its lot. The building is closer than 50 feet to the right-of-way of Wyoming Blvd. N.E. The plaintiffs filed suit claiming that the clause in the deed bound the defendant to a 50-foot building setback requirement, and seeking an injunction requiring the defendant to comply with the setback. Both parties filed motions for summary judgment, the plaintiffs seeking a determination that the language created a building setback, and the defendant seeking

a determination that it did not. The trial court ruled in favor of the defendant and the plaintiffs appealed. The Court of Appeals determined that the phrase in question created a personal covenant binding on only the original covenantor, Security Federal. We disagree.

In the interpretation of a deed, "effect is to be given the intention of the parties as shown by the language of the whole instrument, considered with the circumstances surrounding the transaction and the object of the parties in making the restrictions." *H.J. Griffith Realty Co. v. Hobbs Houses, Inc.,* 68 N.M. 25, 28, 357 P.2d 677, 679 (1960) (quoting *Hoover v. Waggoman,* 52 N.M. 371, 376, 199 P.2d 991, 994 (1948). The language of the deed is clear and susceptible of only one construction. The parties intended to restrict the use of the land conveyed, i.e., they intended to create a restrictive covenant.

For a restrictive covenant to run in equity the following requirements must be met: (1) the covenant must touch and concern the land; (2) the original covenanting parties must intend the covenant to run; and (3) the successor to the burden must have notice of the covenant. 5 R. Powell, The Law of Real Property ¶ 673[1] (1981). It is possible for the burden of the covenant to be merely personal to the covenantor while the benefit runs with the covenantee's interest in land, or for the benefit of the covenant to be merely personal to the covenantee while the burden runs with the covenantor's interest in land. *Id.* at ¶ 673[2].

The burden of the covenant touches and concerns the land "if the covenantor's legal interest in land is rendered less valuable by the covenant's performance. * * * If, on the other hand, the covenantee's legal interest in land is rendered more valuable by the covenant's performance, then the benefit of the covenant satisfies the requirement that the covenant touch and concern land." *Id.* The burden of the covenant touches and concerns the land of the defendant because it renders the land less valuable; the benefit of the covenant touches and concerns the land of the plaintiffs because it renders the land more valuable.

We agree with the Court of Appeals that, because the deed was recorded, the defendant had constructive notice of the covenant. NMSA 1978, § 14–9–2; *see Romero v. Sanchez,* 83 N.M. 358, 492 P.2d 140 (1971), *Grammer v. New Mexico Credit Corp.,* 62 N.M. 243, 308 P.2d 573 (1957). Constructive notice satisfies the notice requirement set forth above. *Gonzales v. Reynolds,* 34 N.M. 35, 275 P. 922 (1929).

In addressing the requirement that the original parties intend the covenant to run, we note that the use of technical terms in the creation of a covenant is not necessary in order for the covenant to run. *Id.* Because the language of the deed does not specify that the covenant is to run with the land, we look to the circumstances surrounding the transaction and the object of the parties in making the restriction to determine whether that intent can be inferred. *H.J. Griffith Realty Co. v. Hobbs Houses, Inc.,* 68 N.M. 25, 357 P.2d 677 (1960).

We first determine whether the original parties intended that the benefit of the covenant run with the covenantee's interest in the land. "Some promises are so intimately connected with the land as to require the conclusion that the necessary intention for the running of the benefit is present absent language clearly negating that intent." *Albright v. Fish,* 136 Vt. 387, 393, 394 A.2d 1117, 1120 (1978); *see Pedro v. Humboldt County,* 217 Cal. 493, 19 P.2d 776 (1933). We believe the covenant in the instant case to be of this type. The grantor-covenantee retained land adjacent to the property conveyed and the grantor's retained land derives a benefit from the agreement of the parties. These circumstances persuade us that it was the intent of the parties that the benefit of the covenant should run with the covenantee's interest in the land. *See* 5 R. Powell, *supra,* at ¶ 673[2]; Restatement of Property § 544 comment c (1944); *Orange & Rockland*

*Utilities, Inc. v. Philwold Estates, Inc.,* 52 N.Y.2d 253, 437 N.Y.S.2d 291, 418 N.E.2d 1310 (1981). The parties who, as successors in interest to Mr. and Mrs. Redd, now hold land that was adjacent to the property purchased from the Redds by Security Federal and that was retained by the Redds following the conveyance to Security Federal are entitled to enforce the benefit of the covenant.

 We now determine whether the burden of the covenant was intended to run with the covenantor's interest in land. A factor strongly favoring the inference that the burden was intended to run is "the permanent nature of the situation to be produced by the performance of the covenant." 5 R. Powell, *supra,* at ¶ 673[2]. "The more permanent the situation intended to be produced the more likely that successors of the promisor were intended to be bound by his promise since the control of the land by the promisor himself may be but temporary." Restatement, *supra,* at § 531 comment d. An owner of land who, upon its sale, seeks to protect property he or she retains by means of a restrictive covenant establishing a building setback line on the land conveyed intends to produce a situation that is permanent in nature. It is not reasonable to suppose that the grantor-covenantee would rely solely on the grantee-covenantor's personal covenant to accomplish this purpose. *See Hottell v. Farmers' Protective Association,* 25 Colo. 67, 53 P. 327 (1898). A personal covenant does not bind the covenantor's successors in interest, *Arroyo v. Rosenbluth,* 115 Misc.2d 655, 454 N.Y.S.2d 610 (1982), and would not, therefore, produce the permanent situation intended by the grantor. Given the facts in this case, we believe it was the parties' intention that the burden of the covenant should run with the covenantor's interest in the land. We therefore hold that the defendant's property is subject to the building setback requirement set forth in the deed from F. Benion Redd and Ivalou Redd to Security Federal Savings & Loan Association. The plaintiffs, however, may be estopped from enforcing the covenant if the

defenses of laches, waiver, and estoppel are proved in the trial court.

The judgment of the Court of Appeals is accordingly reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI and RIORDAN, JJ., concur.

STOWERS, J., dissents.