John Thomas JOLLY, Cheryl A. Jolly, Frances M. Jolly, Robert Jay Jolly, Norma Ann Hill, also known as Norman A. Hill, and Barbara Jolly, as personal representative of the Estate of George Patrick Jolly, Deceased, Plaintiffs–Appellees,

v.

William D. O'BRIEN, also known as W.D. O'Brien and as Wm. D. O'Brien, Becky Mae Northcut Maxwell, Beade O'Brien Northcut, Velma Gills, also known as Velma O'Brien Gills, L.V. Gills, Georgie Clements, also known as Georgie O'Brien Clements, H.A. Clements, Ellis H. O'Brien, also known as Polly O'Brien Massey, Harold Massey, Donald Dean Curttright, Jr., and Joe Lynn O'Brien, as Independent Executors of the Last Will and Testament of Margaret Carolyn O'Brien, also known as Margaret O'Brien, Anna D. O'Brien, also known as Anna Dee O'Brien, William D. O'Brien as Executor of the Estate of Genevra O'Brien, Deceased, William D. O'Brien, Trustee of the G.W. O'Brien Trust, Audrey Rhodes Fiel, and as Trustee of the Charles Richard Fiel and Robert Alan Trust, also known as the testamentary Trustee of the Charles A. Fiel, Jr. Trust for the benefit of Charles Richard Fiel and Robert Alan Fiel, Defendants–Appellants.

No. 85CA0476.

Colorado Court of Appeals, Division I.

Dec. 31, 1987.

one-half interest in the property to plaintiffs' predecessor in interest, with the exception of an undivided one-half interest in the oil and mineral rights. Plaintiffs later acquired the land subject to the same conditions.

All parties agree that this case revolves around the interpretation of the following clause contained in the conveyance deed:

> "[Defendants] do grant, bargain, sell, convey, and confirm, unto [plaintiffs' predecessor in interest] ... all of our undivided one-half (½) interest in and to the following described lots or parcels of land ... to-wit: [seven paragraphs setting out legal description of entire land in question appear in deed at this point]
>
> . . . .
>
> Subject ... to a reservation to the [defendants] herein, their heirs and assigns, of an undivided one-half interest in and to all oil and mineral rights of any kind or character in and under *the above described land*." (emphasis added)

Defendants contend that the reservation clause unambiguously reserves an undivided one-half interest in the oil and mineral rights of all the land described in the deed. Conversely, plaintiffs argue that the clause unambiguously reserves only an undivided one-half interest in the property interest that was conveyed by the deed, *i.e.*, one-half of grantors' undivided one-half interest, or, in other words, one-quarter of the entire mineral estate. We agree with defendants' argument.

█ In construing a reservation clause such as the one before us, a distinction has been made whether the interest reserved is from the land "conveyed" or from the land "described." *See* R. Hemmingway, *Law of Oil & Gas* § 3.2 (2d ed. 1983). When the fractional interest is that of the land conveyed, such language indicates that the retained interest is proportional to the fractional interest conveyed. *Hooks v. Neil*, 21 S.W.2d 532 (Tex.Civ.App.1929). However, when the operative language retains an interest from the land described, the proportionate share is determined from the entire mineral estate. *See Middleton v. Broussard*, 504 S.W.2d 839 (Tex.1974);

Paynter & Hoyer, W.B. Paynter, Akron, for plaintiffs-appellees.

Davis, Graham & Stubbs, Alan M. Loeb, Denver, for defendants-appellants.

PIERCE, Judge.

Defendants, grantors of various parcels of land, appeal a trial court judgment entered in favor of plaintiffs, successors in interest of the land. We reverse.

This dispute arises from the trial court's interpretation of a reservation clause contained in a conveyance deed. The deed purportedly conveyed grantors' undivided

*Price v. Atlantic Refining Co.,* 79 N.M. 629, 447 P.2d 509 (1968).

We agree with the trial court that the language of the deed is unambiguous and that the intent of the parties must therefore be gathered from the four corners of the document. *See Pepcol Manufacturing Co. v. Denver Union Corp.,* 687 P.2d 1310 (Colo.1984). Here, the operative language of the deed reserved an undivided one-half interest in "the above described land." The deed specifically described the entire estate and in no way referred only to the fractional interest conveyed. The unambiguous intent of the deed was to convey grantors' undivided interest in the surface while reserving to them their undivided one-half interest in the mineral estate. *See Price v. Atlantic Refining Co., supra;* R. Hemmingway, *supra.*

Accordingly, the judgment of the trial court is reversed and the cause is remanded with directions to enter judgment in favor of defendants.

METZGER and CRISWELL, JJ., concur.