760 P.2d 143

**Irene B. GARTLEY and Barbara Schriber, Plaintiffs–Appellees,**

**v.**

**Phyllis RICKETTS, Defendant–Appellant.**

**No. 17370.**

Supreme Court of New Mexico.

Aug. 22, 1988.

Martin, Cresswell, Hubert, Hernandez & Roggow, R. Wilson Martin, Beverly J. Singleman, Las Cruces, for appellant.

Norman E. Todd, Las Cruces, for appellees.

## OPINION

SCARBOROUGH, Chief Justice.

In 1983, plaintiffs-appellees Irene Gartley and Barbara Schriber filed a complaint to reform a deed to void certain conditions as being a cloud on their title, as being void under the rule against perpetuities, and being void as restraints on alienation. The defendant-appellant, Phyllis Ricketts, counterclaimed against Gartley and Schriber alleging that Gartley had breached the condition subsequent in the deed when she conveyed an interest in the property to Schriber. The trial court granted final judgment in favor of Gartley and Schriber, holding that the deed was in violation of the rule against perpetuities and was an illegal and unreasonable restraint on alienation. We affirm.

In April 1971, Louise Cunningham, now deceased, gave a warranty deed to her sister Irene Gartley for a .344 acre tract of a 35.67 acre farm in Dona Ana County, New Mexico. A house was to be built on the land shortly after the contract was signed. One was begun but not completed at an approximate cost of $26,700. The agreement and deed contained certain conditions as follows:

(a) So long as Grantor lives, Grantee nor her heirs or assigns may sell the tract of land, and the home which Grantee will build thereon, to any person or firm, nor shall she or her heirs rent the same to any person or firm; provided, however, each of the same may be done with the written consent of the Grantor.

(b) After grantor dies, Grantee may not sell the above described premises to any person or firm without first offering the same to Phyllis Ricketts [daughter of Cunningham], or if she be not alive to the heirs or devisees of Phyllis Ricketts, for the sum of Twenty–Five Thousand Five Hundred and no/100 ($25,500.00) Dollars.

(c) No housetrailer or mobile home may be located upon the premises conveyed at any time.

(d) Grantee's heirs and devisees, after the death of Grantor and Grantee, shall have the same power and authority, and are subject to the same limitations as prescribed for Grantee hereinabove in sub-paragraphs (a) and (b). In other words, Grantee's heirs are empowered with the same rights as Grantee is empowered with herein, but are also subject to the same restrictions and limitations and conditions placed herein upon Grantee.

(e) In the event that either Grantee or her heirs desire to sell the above described property as set forth in sub-paragraphs (b) and (d) above, the procedure shall be as follows: Grantee or her heirs shall offer the same to Phyllis Ricketts or her heirs at price required; after receipt of such offer Phyllis Ricketts or her heirs shall have thirty days within which to elect whether to accept the offer or to reject the offer; if not accepted within thirty days the Grantee or her heirs may proceed to sell the property to such person or firms as they elect; if Phyllis Ricketts or her heirs desire to accept the offer they shall, within thirty days, deposit with an Escrow Agent ten percent of the purchase price, and shall thereafter complete the purchase within 120 days from the time that the offer is accepted; Grantee or her heirs will be required to present evidence of merchantable title.

Gartley was aware of the conditions contained in the agreement, and a short time later she conveyed the property for consideration to herself and her daughter Barbara Schriber as joint tenants without notice or consent of Cunningham. The house was never completed and has remained unoccupied. Thirteen years later Gartley and Schriber brought this action to clear title.

The trial court issued conclusions of law stating that the warranty deed was in violation of the rule against perpetuities, that the conditions in the deed were illegal and unreasonable restraints upon alienation, and that the grantor's interest in the deed could not be reformed to approximate the

intention of the creator of the interest. The trial court then reformed the deed to convey an interest in fee simple from Cunningham to Gartley.

We first construe the grant in question. Ricketts argued that the deed created a fee simple on condition subsequent with a possibility of reverter in the transferor. In New Mexico,

> [n]o exact language is required to create a determinable fee or a condition subsequent, but there must be a clear indicatoin [sic] in the dedication of an intent that an interest is given or granted as a determinable fee or on condition subsequent.

*Wheeler v. Monroe*, 86 N.M. 296, 298, 523 P.2d, 540, 542 (1974). The trial court, however, found that the grant contained both conditions subsequent and a preemptive right of first refusal. A right of first refusal has been recognized as differing from an option to buy in that

> a pre-emption does not give to the pre-emptioner the power to compel an unwilling owner to sell, but merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the pre-emption at the stipulated price, and upon receiving such an offer, the pre-emptioner may elect whether he will buy, and if he elects not to buy, then the owner of the property may sell to a third party.

*Barnhart v. McKinney*, 235 Kan. 511, 517, 682 P.2d 112, 117 (1984) *quoting, Anderson v. Armour & Co.*, 205 Kan. 801, 473 P.2d 84, (1970). In this case, the trial court correctly concluded that Cunningham had created a right of first refusal in Ricketts when she conveyed the property to Gartley, but concluded also that it was one of the conditions creating an unreasonable restraint on alienation.

■ In New Mexico, the rule against perpetuities relates only to a future interest in property. *Price v. Atlantic Refining Co.*, 79 N.M. 629, 630, 447 P.2d 509, 510 (1968). A right of first refusal or preemption is not a future interest and we decline to subject it to the rule. *Robroy Land Co., Inc. v. Prather*, 95 Wash.2d 66, 69, 622

P.2d 367, 369 (1980). *Feider v. Feider*, 40 Wash.App. 589, 592, 699 P.2d 801, 803 (Wash.App.1985). A possibility of reverter is also not subject to the rule. *Klawitter v. U.S.*, 423 F.Supp. 1349, 1351 (1976). Furthermore, we recognize that the current trend is to "temper the rule [against perpetuities] if possible where its harsh application would obstruct or do violence to an intended scheme of property disposition." *Barnhart*, 235 Kan. at 518, 682 P.2d at 118 (1984); *First Nat'l Bank & Trust Co. v. Sidwell Corp.*, 234 Kan. 867, 678 P.2d 118 (1984); *Smerchek v. Hamilton*, 4 Kan. App.2d 346, 606 P.2d 491 (1980). The applicable statute in New Mexico directs that one "wait and see" whether the period of perpetuities has run because the period of perpetuities is measured by actual rather than possible events. In addition, the statutes directs that if the interest violates the rule, the conveyance should be reformed to approximate most closely the intention of the creator of the interest. NMSA 1978, § 47–1–17.1 (Cum.Supp.1985). Thus, New Mexico has adopted both the wait and see rule and has granted our courts the power of *cy pres. See* P. Minzner, *Property Law*, 17 N.M.L.Rev. 202 (1984). Here, the actual event of Cunningham's death has occurred and sale has taken place before 21 years of the life in being. Therefore, the trial court erred in concluding that the grant in question violated the rule against perpetuities.

■ However, the trial court correctly held that the conveyance was an unreasonable restraint on alienation. New Mexico has adopted and interpreted the common law rule against restrictions on alienation to mean that "reasonable restraints upon the alienation of property are enforceable, but will be construed to operate within their exact limits." *State ex rel. Bingaman v. Valley Sav. & Loan*, 97 N.M. 8, 11–12, 636 P.2d 279, 282–83 (1981). We must look to certain factors in each case to determine reasonableness and we find the Restatement of Property helpful in this regard. Counsel, in their briefs, relied upon factors outlined in the Restatement of Property § 406 comment i (1944) as follows:

454

The following factors, when found to be present, tend to support the conclusion that the restraint is reasonable:

1. the one imposing the restraint has some interest in land which he is seeking to protect by the enforcement of the restraint;
2. the restraint is limited in duration;
3. the enforcement of the restraint accomplishes a worthwhile purpose;
4. the type of conveyances prohibited are ones not likely to be employed to any substantial degree by the one restrained;
5. the number of persons to whom alienation is prohibited is small;
6. the one upon whom the restraint is imposed is a charity.

Of these factors, the only one that might favor upholding the restraint is the first. The remaining factors in this case would not support the conclusion that the restraint is reasonable. The restraint is not limited in duration. The condition remains to bind all successive heirs and devisees into the unlimited future. There seems to be no worthwhile purpose accomplished by the restraint other than to allow Cunningham to "keep the property in the family." However, even this purpose can be avoided because there is no restraint on Grantee and her heirs to prevent them from giving the property away by gift or by a will to someone who is not in the family. Furthermore, the Restatement goes on to direct:

The following factors, when found to be present, tend to support the conclusion that the restraint is unreasonable:

1. the restraint is capricious;
2. the restraint is imposed for spite or malice;
3. the one imposing the restraint has no interest in land that is benefited by the enforcement of the restraint;
4. the restraint is unlimited in duration;
5. the number of persons to whom alienation is prohibited is large.

Here, the first and second factors do not apply; there was no evidence to show that the restraint was either capricious or imposed for spite or malice. The fourth and fifth factors are present because the restraint is unlimited in duration and the number of people to whom alienation is prohibited is large.

The current edition, Restatement (Second) of Property (1981), has revised the factors discussed above, but they are entirely consistent with our foregoing discussion. Section 4.2 of the Restatement Second directs:

(3) A forfeiture restraint imposed on an interest in property, which restraint is not governed by subsections (1) or (2), is valid if, and only if, under all the circumstances of the case, the restraint is found to be reasonable. The most common factors supporting such a finding are the following:

(a) The restraint is limited in duration;
(b) The restraint is limited to allow a substantial variety of types of transfers to be employed;
(c) The restraint is limited to the number of persons to whom transfer is prohibited;
(d) The restraint is such that it tends to increase the value of the property involved;
(e) The restraint is imposed upon an interest that is not otherwise readily marketable; or
(f) The restraint is imposed upon property that is not readily marketable.

In this case, we place particular emphasis upon factors (a) and (c). With respect to (a), once again, the restraint is not limited in duration because it could continue on as long as there are heirs and devisees of Gartley and Ricketts who would be subject to the requirement. In addition, the number of persons to whom transfer is prohibited is very large, because the property could be sold to anyone. The remaining factors are not present. The absence of factors (a) and (c) are supported by the evidence and are persuasive. We affirm the trial court's ruling that the conveyance is an unreasonable restraint on alienation. We must balance the policy in favor of the freedom of alienation against the policy of permitting reasonable limitations upon the subsequent transfer of property. Although it is evident that Cunningham in-

tended to "keep the property in the family," the means she chose to do so are unreasonable. The trial court correctly reformed the deed to convey an interest in fee simple from Cunningham to Gartley in the subject property.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, WALTERS and RANSOM, JJ., concur.