This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GEORGIA M. CHAVEZ, a widow;**
**RON CHAVEZ, a widower;**

Plaintiffs-Appellants,

v.                                                                                    NO. 29,744

**ANTONIO EDWARDO B. CHAVEZ,**
**EDWARD CHAVEZ, ROBERT HERRERA,**
**VINCENT HERRERA, ALEXANDRA ADAMS,**
**LORETTA SMITH, ROBERT LEROY CHAVEZ,**
**YVONNE DOMINGUEZ, JULIA P. GALLEGOS,**
**OLIVIA GALLEGOS, MICHAEL GALLEGOS,**
**RANDY GALLEGOS, LARRY CHAVEZ, DANIEL**
**CHAVEZ, DEBBIE CHAVEZ, ROMONA CHAVEZ,**
**CARLA CHAVEZ, JEFFREY CHAVEZ, PAMELA**
**CHAVEZ, HENRY CHAVEZ and PAT CHAVEZ,**

**THE UNKNOWN HEIRS OR SONS AND DAUGHTERS**
**OF NICHOLAS CHAVEZ and MARIA BAZAN DE CHAVEZ,**
**Deceased,**

**UNKNOWN HEIRS OF THE FOLLOWING NAMED**
**DECEASED PERSONS: HENRY B. CHAVEZ,**
**DELFINO B. CHAVEZ, NICK B. CHAVEZ,**
**RAFAELLITA B. CHAVEZ, JUAN B. CHAVEZ and**
**ALFREDO A. CHAVEZ; and**

**UNKNOWN CLAIMANTS OF INTEREST IN**
**THE PREMISES ADVERSE TO THE ESTATE**
**OF PETERSON-LOS RANCHOS, LLC,**

Involuntary-Plaintiffs/Counter-Defendants-Appellees.

and
**ROSE MARIE CHAVEZ, as Personal Representative of the**
**ESTATE OF ALFRED ALFONSO "FECHO" CHAVEZ;**
**STEVEN L. COE and LISA COE, husband and wife;**
**PETERSON-LOS RANCHOS, LLC,**
**a New Mexico Limited Liability Company;**
**ALL UNKNOWN CLAIMANTS OF INTEREST IN**
**THE PREMISES ADVERSE TO PLAINTIFFS,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Louis P. McDonald, District Judge**

Law Offices of Brad L. Hays, LLC
Brad L. Hays
Rio Rancho, NM

for Appellants

Sanchez, Mowrer & Desiderio, P.C.
Raymond G. Sanchez
Albuquerque, NM

for Appellee Rose Marie Chavez

Myers, Oliver & Price, P.C.
Scott N. Oliver
Floyd D. Wilson
Albuquerque, NM

for Appellee Peterson-Los Ranchos, LLC

The Skarsgard Firm, P.C.
Joshua J. Skarsgard

2

Albuquerque, NM

for Appellee Peterson-Los Ranchos, LLC

**MEMORANDUM OPINION**

**GARCIA, Judge.**

In this interlocutory appeal, Georgia M. Chavez and Ron Chavez (Appellants) appeal the district court's order dismissing their complaint for failure to state a claim upon which relief can be granted under Rule 1-012(B)(6) NMRA. Appellants contend that the district court erred in determining as a matter of law that the 1947 Warranty Deed (the Deed) did not require the Estate of Alfredo Alfonso "Fecho" Chavez (the Estate) to extend the right of first refusal to Appellants before selling the disputed property and in determining that Appellants' proposed right of first refusal would be an unreasonable restriction on alienation. The district court certified these issues to this Court pursuant to NMSA 1978, Section 39-3-4(A) (1999). We affirm the district court's order of dismissal.

**DISCUSSION**

**Standard of Review**

We apply a de novo standard of review to determine whether the district court erred in dismissing the complaint for failure to state a claim under Rule 1-012(B)(6). *Chavez v. Desert Eagle Distrib. Co. of N.M.*, 2007-NMCA-018, ¶ 5, 141 N.M. 116, 151 P.3d 77. We accept "the well-pleaded facts alleged in the complaint as true and

test the legal sufficiency of the claims." *Hoffman v. Sandia Resort & Casino*, 2010-NMCA-034, ¶ 8, 148 N.M. 222, 232 P.3d 901. Dismissal is proper under Rule 1-012(B)(6) "only when it appears [that] the plaintiff cannot be entitled to relief under any state of facts provable under the claim." *Baldonado v. El Paso Natural Gas Co.*, 2008-NMSC-005, ¶ 6, 143 N.M. 288, 176 P.3d 277 (internal quotation marks and citation omitted). Furthermore, our review is limited to the facts alleged in the complaint and any exhibits attached to the complaint to determine whether the complaint states a valid claim for relief. *See Durham v. Guest*, 2009-NMSC-007, ¶¶ 11-12, 145 N.M. 694, 204 P.3d 19 (reasoning that any exhibits attached to a complaint are considered part of the pleading for all purposes, including Rule 1-012(B)(6) dismissals).

**Factual and Procedural History**

Pursuant to our standard of review, we relate the facts in the complaint and its exhibits that are relevant to resolving the issues on appeal. In 1947, Nicolas (a/k/a Nicholas) and Maria Bazan de Chavez (Grantors) executed the Deed transferring Lot 41-G (the Lot) to Alfredo A. Chavez (Grantee), one of the six children of Grantors. The Deed contains the following provision (the Provision):

> The above mention[ed] property was deeded over to the party of the
> second part by the [p]arties of the first part with the agreement between
> both parties that if [illegible] the above described property is sold by the
> party of the second part that the heirs or sons and daughters of Nicolas

4

[C]havez and Maria Bazan [d]e Chavez will have first option on above described property.

The complaint indicates that the illegible portion of the Deed states "or when." The Deed identifies Grantors as the "parties of the first part" and Grantee as the "party of the second part." In 1947, Grantors also transferred title to five contiguous lots to their five additional children, including similar provisions that gave the "heirs or sons and daughters" of Grantors the first option to purchase the property if it was sold by the "party of the second part."

Appellant Georgia M. Chavez is the widow of Juan B. Chavez, who is one of Grantors' children. Appellant Ron Chavez is the son of Juan B. Chavez and the grandson of Grantors. Appellants asserted that the Deed granted Ron Chavez or other "heirs or sons and daughters" a "first option" to purchase the Lot. Appellants further asserted that the Estate sold the Lot to a third-party without giving Ron Chavez or other heirs the first option to purchase the Lot at the price agreed upon between the third party and the Estate. As a result, Appellants asked the district court to enter judgment that upon Ron Chavez's deposit of an amount equal to the purchase price of the Lot, the deed transferring the Lot to the third party shall become null and void. Additionally, Appellants asked the court to enter judgment establishing Ron Chavez as the owner of the Lot in fee simple, free and clear of all liens and encumbrances.

The Estate moved to dismiss the complaint on the basis that it failed to state a

cause of action. Specifically, the Estate argued that the right of first refusal restriction only applied to Grantee individually, but it did not apply to the Estate. Alternatively, the Estate argued that the Provision was an unreasonable restraint on alienation because it lacked specificity regarding the necessary procedure or period of time governing the right of first refusal. In response, Appellants argued that the Provision applied to the Estate based upon the intent of Grantors to provide an opportunity for Grantors' heirs to keep the Lot in family ownership. Appellants further contended that Grantors intended for the right of first refusal to run with the land. Finally, Appellants asserted that the Provision was not an unreasonable restraint on alienation based on the factors in *Gartley v. Ricketts*, 107 N.M. 451, 453, 760 P.2d 143, 145 (1988).

In ruling upon the motion to dismiss, the district court noted that it considered all of the facts in the complaint as true and also noted that it would accept as true all of the undisputed facts stated in the motion to dismiss. We note, however, that each of the undisputed facts in the motion to dismiss referenced and restated facts as alleged in the complaint. Additionally, the district court reviewed the Deed and the plat, which were attached to the complaint. The district court clarified that it was reviewing whether dismissal was appropriate as a matter of law. The court concluded that Appellants' complaint "fails to state a claim upon which relief can be granted

because the title to the [Lot] transferred to the devisees upon the death of [Grantee] by operation of law." The district court further determined that "the proposed 'right of first refusal' is an unreasonable restraint on alienation and is not enforceable as a matter of law." Regarding the first conclusion, the district court reasoned that the Lot passed to Grantee's heirs by operation of law pursuant to NMSA 1978, Section 45-3-101 (1975), and the "[P]rovision, even if it is valid, pertained only to [Grantee] and no one else." The court further determined that Appellants' proposed right of first refusal would be an unreasonable restriction on the alienation of property because Grantors' heirs are potentially a large pool and the restriction would last forever. The district court then entered an order dismissing Appellants' complaint with prejudice and certifying the issues to this Court on grounds that the "order involv[ed] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order . . . may materially advance the ultimate termination of the litigation."

**Interpretation of the Deed**

In interpreting a deed or other contractual agreement, "[w]e consider the plain language of the relevant provisions, giving meaning and significance to each word or phrase within the context of the entire contract[.]" *H-B-S P'ship v. Airoca Hospitality Servs.*, 2005-NMCA-068, ¶ 19, 137 N.M. 626, 114 P.3d 306. Furthermore, we

7

recognize that all previous documents and oral discussions merge into a deed, and that a deed "is the controlling document insofar as the final intention of the parties is concerned." *Northrip v. Conner*, 107 N.M. 139, 142, 754 P.2d 516, 519 (1988). As a result, "[b]arring any ambiguity, . . . [a] court may not go outside the deed itself to interpret the parties' intentions." *Id.* at 143, 754 P.2d at 520.

Initially, we note that the parties also disagree regarding the level of strictness this Court should use to construe the Provision. Appellants argue that this Court should interpret the Provision liberally to effect the intent of Grantors based upon the rules of construction for interpretation of the Uniform Probate Code. *See* NMSA 1978, § 45-1-102(A) & (B)(2) (1975) (stating that "[t]he Uniform Probate Code shall be liberally construed and applied to promote its underlying purposes and policies," including "to discover and make effective the intent of a decedent in distribution of property"). In contrast, the Estate relies on *Gartley* for the proposition that a right of first refusal provision must be strictly construed. *See Gartley*, 107 N.M. at 453, 760 P.2d at 145 (reasoning that "reasonable restraints upon the alienation of property . . . will be construed to operate within their exact limits" in interpreting a right of first refusal provision (internal quotation marks and citation omitted)).

First, we conclude that the rules of construction for interpreting the Uniform Probate Code are inapplicable here because we are not interpreting a provision in the

Uniform Probate Code. Second, we recognize that this Court has rejected the proposition that all rights of first refusal are restrictions on the alienation of property that must be strictly construed. *See H-B-S P'ship*, 2005-NMCA-068, ¶ 20 (rejecting the party's contention that a strict interpretation of a right of first refusal was required). Instead, a right of first refusal is not considered a restraint on alienation that is subject to strict construction if "the provision describes a reasonable price and sets a reasonable time for exercise of the right." *Id.* Here, the plain language of the Provision does not describe either a price or a time for exercise of the right. Furthermore, the parties do not dispute that the Provision is a restriction on alienation, but only disagree as to whether the restriction applies to Grantee's heirs and whether the restriction is reasonable. As a result, we conclude that the Provision constitutes a restriction on alienation that is subject to strict construction.

The Deed identifies Grantors as the "[p]arties of the first part" and Grantee as the "party of the second part." As a result, with these substitutions, the Provision provides the following:

> The above mention[ed] property was deeded over to [Grantee] by [Grantors] with the agreement between both parties that if [or when] the above described property is sold by [Grantee] that the heirs or sons and daughters of [Grantors] will have first option on above described property.

9

We conclude that the plain language of the Provision, "if [or when] the [Lot] is sold by [Grantee]," requires that Grantee must extend the "first option" to purchase the Lot to the "heirs or sons and daughters" of Grantors. However, the plain language of the Provision is expressly limited to Grantee and does not apply or otherwise restrict the sale of the Lot by Grantee's heirs. The only use of the term "heirs" within the Provision is expressly limited to eligible buyers under the right of first refusal. The Provision fails to include similar language restricting the sale of the Lot by any seller other than the named Grantee. Furthermore, as previously discussed, since the right of first refusal constitutes a restraint on alienation, we must construe the right of first refusal to operate within its exact limits. *See Gartley*, 107 N.M. at 453, 760 P.2d at 145 (reasoning that "reasonable restraints upon the alienation of property . . . will be construed to operate within their exact limits" in interpreting a right of first refusal provision (internal quotation marks and citation omitted)). As a result, we conclude that the plain language of the Provision is limited and that the restriction on the sale of the Lot only applies to a sale by the named Grantee.

Appellants also argue that Grantors' intent "was to enforce the Provision on all family members so long as the [Lot] was owned by a family member" and that the district court erred by failing to consider Grantors' intent. However, absent ambiguity, a district court may not look beyond the deed itself to interpret the parties'

10

intentions. *Northrip*, 107 N.M. at 143, 754 P.2d at 520. The district court determined as a matter of law that the Provision was not ambiguous and "pertained only to [Grantee] and no one else." Furthermore, the Estate conceded below that the Deed did not on its face appear to bind persons other than Grantee, but argued that the Deed should be read in context to apply the restriction to Grantee and his heirs. We agree with the district court and determine that the plain language of the Deed applies the restriction only to Grantee. As a result, we conclude that the Deed is not ambiguous. *See id.*

Finally, Appellants present two arguments as to why the Deed itself demonstrates Grantors' intent to apply the Provision to Grantee's heirs. Appellants first contend that Grantors' intent to apply the restriction to Grantee's heirs was demonstrated by the unusual act of Grantee signing the Deed. Although Appellants assert that Grantee's signature indicated Grantee's concurrence with the Provision, Appellants fail to develop their argument or provide any authority to support the proposition that Grantee's signature indicates that Grantors' intended to bind anyone other than Grantee to the Provision. As a result, we decline to review this argument further. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (reasoning that this Court will not review undeveloped and unclear arguments on appeal).

Appellants further contend that the Deed demonstrates Grantors' intent for the right of first refusal to run with the land. Specifically, Appellants rely on the following language in the Deed: "TO HAVE AND TO HOLD the said premises above bargained and described, *with the appurtenances* unto the party of the second part, heirs and assigns forever." (Emphasis added.) Appellants contend that this clause "can be read only to mean that [Grantee] was to hold the property subject to the Provision . . . and that the heirs and assigns of [Grantee] are bound 'forever.'" The only case cited by Appellants in support of their argument is *Lex Pro Corp. v. Snyder Enterprises, Inc.*, 100 N.M. 389, 671 P.2d 637 (1983). In *Lex Pro*, our Supreme Court held that a building setback requirement ran with the land. *Id.* at 392, 671 P.2d at 640. The Court reasoned that "[f]or a restrictive covenant to run in equity[,] the following requirements must be met: (1) the covenant must touch and concern the land; (2) the original covenanting parties must intend the covenant to run; and (3) the successor to the burden must have notice of the covenant." *Id.* at 391, 671 P.2d at 639. However, Appellants fail to examine the relevant factors to determine whether the Provision runs with the land and also fail to provide any argument or authority for the proposition that a right of first refusal constitutes an "appurtenance" or otherwise separately runs with the land. Consequently, we decline to review this issue further on appeal. *See Molina v. Allstate Indem. Co.*, 2011-NMCA-005, ¶ 16, 149 N.M. 180,

12

246 P.3d 449 (reasoning that this Court will not address issues unsupported by argument and authority).

As a result, we conclude that the plain language of the Deed does not require Grantee's heirs to extend a right of first refusal to Grantors' heirs before selling the Lot, and we affirm the district court in its interpretation of the Deed. Because we affirm the district court on this ground, we do not reach the additional issue of whether applying the Deed restriction to Grantee's heirs would create an unreasonable restriction on alienation.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's order dismissing Appellants' complaint for failure to state a claim under Rule 1-012(B)(6).

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

13

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**LINDA M. VANZI, Judge**